Jacqueline McKer **CARDWELL**, **Appellant**,

v.

The **STATE** of Texas, **Appellee**.

No. 08–92–00087–CR.

Court of Appeals of Texas, El Paso.

Dec. 29, 1993.

Rehearing Overruled Jan. 26, 1994.

David C. Guaderrama, El Paso County Public Defender, El Paso, for appellant.

Jaime E. Esparza, Dist. Atty., El Paso, for State.

Before OSBORN, C.J., and BARAJAS and LARSEN, JJ.

## *OPINION*

LARSEN, Justice.

This case involves the warrantless search of Jacqueline McKer Cardwell, which yielded a folded food stamp containing one-tenth of a gram of cocaine. Cardwell was convicted of possession of cocaine by a jury and sentenced to 7 years imprisonment by the court. We reverse.

### *FACTS*

On March 20, 1991, two El Paso County Police officers were surveilling an area known for drug trafficking and other crimes, having received a tip that a large drug transaction would occur that day. They were watching two Hispanic men who had been in the area for over an hour. They saw a small brown Subaru with Appellant and a woman companion in it pull up. One of the officers recognized Appellant's friend as a known heroin user. The officers saw "some sort of transaction," between the women and the Hispanic men, although they saw no money change hands. They did see one of the men give Appellant a small white piece of paper, which she put in her jacket pocket.

Abandoning their surveillance, the officers followed the women in their brown Subaru, which next went to a drive-through pharmacy. The officers believed that the women bought something there, but did not see what it was. They then followed the women to an alley, where they blocked them in. The female officer patted down Appellant Cardwell, searched her jacket, and found the small folded food stamp coupon [1] which she opened. It held a white powdery substance, which proved upon analysis to be one-tenth of a gram of cocaine. The officer quite candidly admitted that the paper did not feel like a gun or a knife, and her partner stated that

---

**1.** Although this is referred to throughout the record as a "diamond-fold," State's Exhibit Four is more accurately described as a carelessly folded, even wadded, piece of paper, not bearing any outward sign of what it might contain.

he never felt threatened by the women or believed there was any need for a weapons search, as both women's hands were in sight at all times, and their car doors were open.

Although the officers did indeed find syringes in the car after the pat-down, there is no evidence that they saw any drug paraphernalia before the search took place.

### WEAPONS FRISK

In four points of error, Appellant contends that the cocaine found in her jacket pocket should have been suppressed as the fruit of an illegal search. She argues first that the facts articulated by the officers did not warrant an investigative stop. Second, she urges that the "frisk" which yielded the cocaine was conducted without any showing that Cardwell and her companion were armed or posed any danger to the officers. Third and forth, she argues that no reasonable person could believe that the folded food stamp wrapper was a weapon, and that the search exceeded the scope of a proper weapons frisk. We agree with Appellant's third and fourth arguments, and therefore do not reach the first and second.

It is well settled that a police officer may, in appropriate circumstances and in an appropriate manner, approach an individual for purposes of investigating possible criminal behavior even where there is no probable cause to make an arrest. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In order to justify such an intrusion, however, the officer must possess specific articulable facts which, in light of that officer's experience and personal knowledge, reasonably support the intrusion upon a citizen's freedom and privacy. *Johnson v. State,* 658 S.W.2d 623 (Tex.Crim.App.1983).

Assuming without deciding that this was a valid *Terry* stop, we next examine whether the officer was justified in seizing and opening the folded food stamp in Appellant's jacket pocket. We find she was not. During a stop and frisk, in the absence of probable cause, a police officer who reasonably fears for his or her safety, or that of others, may permissibly conduct a limited search of a suspect's outer clothing for weapons. *Davis v. State,* 829 S.W.2d 218, 220 (Tex.Crim.App.1992). Once the officer is satisfied that the suspect does not pose a danger, however, there is no valid reason to further invade that person's right to be free of police intrusion absent probable cause to arrest. *Id.* at 221; *Lippert v. State,* 664 S.W.2d 712, 721 (Tex.Crim.App.1984).

We believe that *Davis* controls the outcome here. In that case, officers performing a *Terry* stop and frisk found and opened a matchbox, there discovering cocaine. The Court of Criminal Appeals held that the frisk:

[E]xceeded any justification that [the officer] might have had to search for weapons for his protection and therefore rendered the cocaine inadmissible under Article I, section 9 of the Texas Constitution and the Fourth and Fourteenth Amendments to the United States Constitution. *Davis,* 829 S.W.2d at 221.

We find the facts justifying the search in this case even weaker than those in *Davis:* there, the officers could at least argue they feared a razor blade might be concealed in the matchbox.

Here, in contrast, neither officer felt any threat or held any belief that Appellant or her companion were armed. Neither did they believe that the folded food stamp was, or contained, any weapon. They did not pretend otherwise. The officers were simply looking for contraband in Appellant's jacket, and they clearly exceeded the scope of a permissible *Terry* weapons pat-down in doing so. For this reason, the trial court erred in refusing to suppress the fruits of this illegal search.

### CONCLUSION

We sustain Appellant's Points of Error Three and Four. Because of our disposition on those points, we need not reach Points of Error One and Two. The judgment of the trial court is reversed and the case is remanded for a new trial.