**Jacqueline McKer CARDWELL,
Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 377–94.**

Court of Criminal Appeals of Texas,
En Banc.

Aug. 17, 1994.

---

David C. Guaderrama, Bruce W. Weathers, El Paso, for appellant.

Jaime Esparza, Dist. Atty., John L. Davis, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

PER CURIAM.

Appellant was convicted by a jury of possession of less than twenty-eight grams of cocaine. The court assessed punishment at confinement for seven years. The El Paso Court of Appeals reversed the conviction and remanded for a new trial. *Cardwell v. State,* 870 S.W.2d 605 (Tex.App.—El Paso, 1993).

On appeal appellant challenged the trial court's denial of her motion to suppress evi-dence. The Court of Appeals did not address appellant's points of error which asserted that the facts did not show a valid investigative stop. The Court of Appeals assumed without deciding that a valid investigative stop occurred. The Court of Appeals held that one of the police officers was not justified in seizing and opening a folded food stamp found in appellant's jacket pocket because the officer exceeded the scope of a permissible frisk for weapons. *Cardwell,* 870 S.W.2d at 607.

In its appellate brief, the State argued that the police officers lawfully arrested appellant and the search of appellant's jacket was proper because it was incident to the lawful arrest. The State's first ground for review contends the Court of Appeals erred in not addressing its argument that the search was proper because it was incident to a lawful arrest. We agree. A court of appeals must address every issue raised and necessary to the final disposition of the case. See Tex.R.App.Pro 90(a); *Ikner v. State,* 848 S.W.2d 161 (Tex.Cr.App.1993); *King v. State,* 848 S.W.2d 142 (Tex.Cr.App.1993).

The State's second ground for review asks this Court to determine that the evidence was obtained as the result of a proper search incident to a lawful arrest. However, the Court of Appeals has not yet addressed that issue.

We grant ground one of the State's petition for discretionary review. The judgment of the Court of Appeals is vacated and the case is remanded to the Court of Appeals for action consistent with this opinion.