469 F.2d 1389
 Charles R. PACE, Petitioner-Appellee,
v.
Dr. George J. BETO, Director, Texas Department of
Corrections, Respondent-Appellant.
 No. 72-2428 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Nov. 14, 1972.
 
 Crawford Martin, Atty. Gen., Sarah E. Phillips, E. Bruce Curry, Asst. Attys. Gen., Austin, Tex., for respondent-appellant.
 Harry H. Walsh, Staff Counsel for Inmates, Texas Dept. of Corrections, Charles R. Pace, Texas Dept. of Corrections, Huntsville, Tex., for petitioner-appellee.
 Before WISDOM, GODBOLD and RONEY, Circuit Judges.
 WISDOM, Circuit Judge:
 
 
 1
 Charles Pace was convicted after a jury trial in 1969 on a charge of possession of marijuana, and sentenced to a term of two to ten years. After his conviction was affirmed in the Texas state courts, he filed a habeas corpus petition in federal district court in 1971, alleging that the evidence which led to his conviction had been discovered as the result of a constitutionally impermissible search. The district court vacated the judgment of conviction and the sentence, and ordered that Pace be released or retried within sixty days. The State of Texas has appealed from the district court's decision. We affirm.
 
 
 2
 The search in question followed Pace's arrest for the routine traffic violations of running a red light and having a loud muffler. The arresting officer testified that Pace immediately got out of his car after stopping and walked back toward the police car. The officer noticed that Pace was very nervous. His suspicions aroused, the officer first searched Pace's person for weapons. Finding nothing, he walked toward Pace's car to take a look in the window. After Pace twice attempted to follow him, the officer finally placed Pace in the squad car and closed the door. He then decided to search the car, and found a package of cigarette wrapping paper and a matchbox in the glove compartment. As he was opening the matchbox, the officer noticed Pace standing about two feet away from him. Pace attempted to take the matchbox away, and had to be subdued and handcuffed. The officer then reexamined the matchbox and found that it contained what appeared to be marijuana. A subsequent search of the car's trunk revealed more marijuana.
 
 
 3
 The search and trial of this case occurred prior to the decision in Chimel v. California, 1969, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685, and the standards of Chimel are therefore inapplicable. Coolidge v. New Hampshire, 1971, 403 U.S. 443, 456, 91 S.Ct. 2022, 29 L.Ed.2d 564; Williams v. United States, 1971, 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388. But the search was unreasonable even under pre-Chimel standards. In Amador-Gonzalez v. United States, 5 Cir. 1968, 391 F.2d 308, this Court stated that, absent special circumstances, a search incident to an arrest must have the purpose of discovering (1) the fruits of the crime; (2) instrumentalities used to commit the crime; (3) weapons or like material which put the arresting officer in danger or might facilitate escape; (4) contraband; (5) material which constitutes evidence of the crime or evidence that the person arrested has committed it. The search in this case cannot be justified as a search for fruits, instrumentalities, or evidence of the traffic offense for which Pace was arrested. Nor did the officer at the time of arrest have probable cause to conduct a search for contraband. Pace's nervous conduct is not surprising in view of the fact that he had just been arrested, and such conduct by itself could not give rise to probable cause to believe that he had committed any offense other than the traffic violation. Cf. Wong Sun v. United States, 1963, 371 U.S. 471, 483, 83 S.Ct. 407, 9 L.Ed.2d 441.
 
 
 4
 Assuming without deciding that the search of the interior of Pace's automobile was justified as a search for weapons, the need to discover potentially dangerous weapons cannot justify the opening of the matchbox. Indeed, the arresting officer did not think the court so credulous: he testified that he was searching for narcotics as well as weapons.
 
 
 5
 Had the officer's search for weapons unexpectedly produced evidence providing probable cause to believe that Pace's automobile contained narcotics, a further search for narcotics could have been justified. See Brown v. United States, 1966, 125 U.S.App.D.C. 43, 365 F.2d 976. The only evidence uncovered in the course of the weapons search, however, was a matchbox and cigarette wrapping paper. In the circumstances of this case, possession of these common items was insufficient to warrant a man of reasonable caution in the belief that Pace had committed a narcotics violation. See Draper v. United States, 1959, 358 U.S. 307, 313, 79 S.Ct. 329, 3 L.Ed.2d 327.
 
 
 6
 Pace's action in attempting to seize the matchbox from the officer cannot remove the taint from this search. See United States v. Tate, 1962, D.Del., 209 F.Supp. 762. The legitimacy of a search must be judged at its inception. United States v. Di Re, 1948, 332 U.S. 581, 595, 68 S.Ct. 222, 92 L.Ed.210. The search of the matchbox here was illegal at its inception, and the subsequent discovery of marijuana was the fruit of this illegal search.
 
 
 7
 The judgment of the district court is affirmed.
 
 
 
 *
 Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I