**Kevin Braniard DAVIS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 200–91.**

Court of Criminal Appeals of Texas, En Banc.

April 15, 1992.

Jane Wynegar (court appointed on appeal), Houston, for appellant.

**10.** TEX.R.APP.P. Rule 81(b)(2); *Deeb v. State,* 815 S.W.2d, at 698; and *Harris v. State,* 790 S.W.2d 568, 584–589 (Tex.Cr.App.1989).

John B. Holmes, Jr., Dist. Atty., and Linda A. West and Janie A. Willis, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., and Matthew W. Paul, Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

MALONEY, Judge.

Our prior opinion is withdrawn.

After an adverse ruling on his motion to suppress and pursuant to a plea bargain, appellant pled guilty to the felony offense of possession of a controlled substance, cocaine. TEX.HEALTH & SAFETY CODE ANN. § 481.116(b). The court assessed punishment at six years imprisonment. The Fourteenth Court of Appeals affirmed the conviction. *Davis v. State*, 827 S.W.2d 3 (Tex.App.—Houston [14th Dist.] 1990).

We granted appellant's petition for discretionary review to determine whether the Court of Appeals erred in sustaining the trial court's denial of appellant's motion to suppress the cocaine. *See* TEX.R.APP.P. 200(c)(3). Appellant contends that his motion to suppress should have been granted because (1) the officer's stop and frisk was not legally justified, and (2) even if the stop was justified, the search was illegal. We will reverse the judgment of the Court of Appeals.

### I.

On February 23, 1990, Houston police officer Anthony Bonasto responded to one of three dispatch calls reporting three black males selling narcotics in front of apartment number eight in a particular apartment complex.[1] Upon arrival, the of-

ficer observed appellant with two other black males. During the hearing on appellant's motion to suppress the cocaine, Officer Bonasto testified that when the men saw his patrol car "they made a hasty effort" to get into a nearby vehicle. The officer stopped his car in such a way as to prevent the men from driving away. He asked them to step out of the car and place their hands on the patrol car. With the assistance of another officer, Officer Bonasto conducted a pat-down search for weapons. He searched appellant first because the officer thought it unusual that appellant was wearing a trench coat on a sixty-five degree day. Neither of the other two men were wearing coats. When Officer Bonasto felt the pocket of the trench coat, he felt a mass solid enough to be a weapon. He reached into the pocket and found keys, papers, and a matchbox. He then opened the matchbox and found a substance which field-tested positive as cocaine.

In denying appellant's motion to suppress the cocaine, the trial court found as facts and conclusions of law that the requirements of *Terry v. Ohio*[2] had been met, that the officer had probable cause to open the matchbox, and that the search was therefore constitutional.

### II.

We first decide whether the police officer was justified in making an investigatory stop. We find that he was justified.

A stop is justified if the officer, based upon specific and articulable facts, reasonably surmises that the detained person may be associated with a crime. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The Fourteenth Court of Appeals

---

1. The following exchange occurred between the defense attorney and Officer Bonasto:

   Q. [defense attorney] The reason you went to 4300 Sherwood was because there were three black males selling drugs in front of apartment number eight.
   A. Because I was dispatched to the location.
   Q. For that reason?
   A. Yes, ma'am.
   From that point on, all parties maintained that the dispatcher reported three black males sell-

   ing narcotics in front of apartment number eight.

2. 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). For a *Terry* stop to be valid: (1) unusual activity must be occurring or have occurred, (2) the accused must be connected with the suspicious activity, and (3) the suspicious activity must be connected with crime. *Johnson v. State*, 658 S.W.2d 623, 626 (Tex.Cr.App.1983).

found that Officer Bonasto had a reasonable suspicion of criminal activity because appellant was one of three black males standing in front of apartment number eight as reported in the police dispatch; the men attempted to "flee" when they saw the patrol car, and appellant was suspiciously wearing a trench coat on a warm day.

■ Appellant argues in his petition for discretionary review that the dispatcher did not report articulable facts upon which to base a stop reporting only that suspicious males were selling narcotics in front of apartment number eight. The record reflects that both parties maintained that the police dispatch reported three black males selling narcotics in front of apartment number eight. Because the trial court is in the best position to evaluate the testimony, we must defer to the trial court's findings. *Johnson v. State*, 803 S.W.2d 272, 287 (Tex. Cr.App.1990) ("Since the trial court is the sole fact finder at a suppression hearing, this Court is not at liberty to disturb any finding which is supported by the record.") (citations omitted), *cert. denied*, —— U.S. ——, 111 S.Ct. 2914, 115 L.Ed.2d 1078 (1991); *Freeman v. State*, 723 S.W.2d 727, 729 (Tex.Cr.App.1986) ("Absent a showing of an abuse of discretion, the trial court's findings will not be disturbed.") (citations omitted).

■ Appellant also argues that it is not suspicious to wear a trenchcoat in February even if the temperature is sixty-five degrees. In justifying a stop, the police officer can make rational inferences from the articulable facts based upon the officer's personal knowledge and experience. *Terry*. Officer Bonasto testified, "The coat was most obvious ... He had a coat on a warm day, and from experience, it tells me usually that somebody is trying to hide something under the coat." The trenchcoat by itself does not constitute proof of illegal conduct, but all the factors taken together created a reasonable suspi-

cion of criminal activity, therefore the stop was justified.

## III.

We next decide whether Officer Bonasto was justified in opening the matchbox. We find that the search of the matchbox was not justified. The Court of Appeals relied upon *Mitchell v. State*[3] and *Miller v. State*[4] and found that probable cause arose from the stop. However, both cited cases, unlike this case, involve narcotics in the officer's plain view.

In *Mitchell* two Houston police officers observed a car with a dangling rear license plate and upon a check of the plate they found that it was not registered to that car. The officers conducted a self-protective pat-down search of the car's occupants and found some pills wrapped in transparent cellophane and a matchbox. The officers arrested the driver for possession of a controlled substance and then searched the matchbox incident to that arrest.

In *Miller* the police officer had already determined that he would arrest the appellant for public intoxication when he observed a transparent bag containing a white powdery substance sticking out of a package of cigarettes in the appellant's pocket. A field test of the substance revealed that it was cocaine.

■ Because the cocaine in this case was not in Officer Bonasto's plain view, the search had to be limited to the discovery of weapons that could reasonably harm the officer. During a stop and frisk, in the absence of probable cause, a police officer who reasonably fears for his or her safety, or that of others, can conduct a limited search of the outer clothing for weapons. *Terry*. "The purpose of a limited search after [an] investigatory stop is not to discover evidence of crime, but to allow the peace officer to pursue investigation without fear of violence." *Wood v. State*, 515 S.W.2d 300, 306 (Tex.Cr.App.1974). Appellant argues in his petition for discretionary review that Officer Bonasto was looking

---

**3.** 632 S.W.2d 774 (Tex.App.—Houston [14th Dist.] 1982), *rev'd on other grounds*, 645 S.W.2d 295 (Tex.Cr.App.1983).

**4.** 667 S.W.2d 773 (Tex.Cr.App.1984).

for narcotics rather than weapons. Officer Bonasto testified that he had seen narcotics hidden in cardboard matchboxes with wooden matches. He also testified that when he opened the matchbox he was looking for a razor blade or any weapon that could hurt him.[5]

*Terry* permits a search for only those weapons that could reasonably harm the police officer. "If in the course of a pat-down frisk the officer satisfies himself that the suspect has no [such] weapons, the officer has no valid reason to further invade the suspect's right to be free of police intrusion absent probable cause to arrest." *Lippert v. State*, 664 S.W.2d 712, 721 (Tex. Cr.App.1984) (citations omitted).

In *Worthey v. State*[6], we held that the protective search for weapons in the interior of the defendant's purse was reasonable. The officer told the defendant not to move her hand, but she made a sudden movement for her purse that obstructed the officer's view of her hand and purse. The officer felt the outside of the purse but was unable to ascertain whether it contained a weapon so he searched the interior of the purse. In *Worthey* the defendant could have easily retrieved a gun from her purse before the officer had time to react.

Here, the facts did not justify a further search for weapons. We conclude that it is unreasonable for two armed police officers to fear a razor blade that might be contained in a matchbox. *See Pace v. Beto*, 469 F.2d 1389, 1390 (5th Cir.1972) ("[T]he need to discover potentially dangerous weapons can not justify the opening of the matchbox."); *Duncantell v. State*, 563 S.W.2d 252, 259 (Tex.Cr.App.1978) (Roberts, J., dissenting) ("[I]t is hard to imagine a dangerous weapon in a penny matchbox ..."); 3 W. LaFave, Search and Seizure § 9.4(d) (2d ed. 1987).

Although there were adequate grounds to search appellant for weapons, the scope of the search conducted by Officer Bonasto clearly exceeded any justification that he might have had to search for weapons for his protection and therefore rendered the cocaine inadmissible under Article I, section 9 of the Texas Constitution and the Fourth and Fourteenth Amendments to the United States Constitution.

We conclude that the trial court abused its discretion in not granting appellant's motion to suppress the cocaine, and the Court of Appeals erred in sustaining the trial court's decision and affirming the judgment of conviction. Accordingly the judgment of the Court of Appeals is reversed and this cause is remanded to the trial court.

McCORMICK, P.J., dissents.

MILLER, J., joined by WHITE, J., dissent with a note: Believing that the Court

---

**5.** We have held that as long as there is a lawful reason for a search, the officer's intent or motive is irrelevant. *See, e.g., Williams v. State*, 726 S.W.2d 99, 100–01 (Tex.Cr.App.1986); *Esco v. State*, 668 S.W.2d 358, 366 (Tex.Cr.App.1983) (opinion on State's motion for rehearing). Here, the search was not objectively lawful. The State asserts that Officer Bonasto had probable cause to open the matchbox because "he had seen narcotics hidden in matchboxes before." We disagree. This is unlike *Texas v. Brown*, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983). In *Brown*, the officer stopped the defendant at a routine driver's license checkpoint. The officer saw the defendant drop an opaque green balloon knotted near the tip onto the seat next to him. The officer was aware that narcotics are frequently packaged in such balloons. While the defendant searched the glove compartment for his license, the officer noticed small plastic vials, loose white powder, and an open bag of party balloons in the glove compartment. When the defendant could not find his license, the officer instructed the defendant to get out of the car and he complied. The officer then picked up the green balloon which seemed to contain a powdery substance. The Supreme Court held that the officer had probable cause to believe that the green balloon contained narcotics based on his experience and the contents of the glove compartment which suggested possession of narcotics. *Brown*, 460 U.S. at 742–43, 103 S.Ct. at 1543–44. Here, Officer Bonasto had occasionally seen narcotics hidden in matchboxes, but the record lacks any additional facts giving rise to probable cause to search the matchbox. And, unlike a balloon, a matchbox commonly contains innocent items, i.e., matches. The mere fact that the officer was investigating a possible narcotics sale, without more, is not enough to warrant further intrusion. *Terry* does not permit a search for evidence of the alleged crime.

**6.** 805 S.W.2d 435 (Tex.Cr.App.1991).

of Appeals' analysis was correct under *Texas v. Brown*, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983), we respectfully dissent.