Opinion issued on May 27, 2004.








     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00396-CR




MARK WILSON GLAZNER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 12
Harris County, Texas
Trial Court Cause No. 1155372




MEMORANDUM OPINION
          Appellant, Mark Wilson Glazner, pleaded guilty to unlawfully possessing
marihuana. Pursuant to a plea agreement, the trial court sentenced him to two days’
confinement and a $300 fine. In his sole issue, appellant contends that the trial court
erred in denying his motion to suppress. We affirm.
Background
          At the suppression hearing, Harris County Sheriff’s Deputy L.J. Martin
testified that, while on patrol, he discovered that appellant’s license plate registration
had expired. Martin parked next to appellant’s car at a convenience store and waited
for appellant to return to his car. When appellant returned, Martin asked him for his
driver’s license and proof of insurance. Appellant did not have proof of insurance. 
While talking to appellant, Martin saw a “small” pocketknife clipped to appellant’s 
right pocket. Martin testified that he removed the knife for his safety and patted
appellant down. Martin then opened appellant’s car door and placed the knife on
appellant’s front seat. He testified that he placed the knife in appellant’s car because
it was a habit to avoid misplacing or forgetting to return temporarily detained items,
and he wanted to keep the knife away from appellant. Upon opening the door, Martin
noticed a strong marihuana odor. He asked appellant if there was any marihuana in
the car, and appellant said that there were probably a couple of “roaches” in the
ashtray. Martin then retrieved the marihuana. 
Motion to Suppress
          In his sole issue, appellant contends that the trial court erred in overruling his
motion to suppress because the evidence seized was the result of an “illegal plain
view search and seizure” and no other exception to the warrant requirement,
including a search incident to arrest, allowed the officer to search appellant’s car. 
          In reviewing the trial court’s ruling on the motion to suppress, we apply a
bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App. 2000). We give almost total deference to the trial court’s determination of
historical facts, while we conduct a de novo review of the trial court’s application of
the law to those facts. Id. 
          When, as here, there are no findings of fact, we view the evidence in the light
most favorable to the trial court’s ruling and assume that the trial court made implicit
findings of fact that support its ruling as long as those findings are supported by the
record. See State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). If the trial
court’s decision is correct on any theory of law applicable to the case, the decision
will be upheld. Id. at 856.
          A routine traffic stop resembles an investigative detention and must be
reasonably related in scope to the circumstances that justified the interference in the
first place. Davis v. State, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997). To
determine the reasonableness of an investigative detention, we apply the Terry test: 
(1) whether the officer’s action was justified at its inception; and (2) whether it was
reasonably related in scope to the circumstances that justified the initial interference. 
See Terry v. Ohio, 392 U.S. 1, 19-20, 88 S. Ct. 1868, 1879 (1968); Davis, 947 S.W.2d
at 244. In determining whether an officer acted reasonably in a particular case, due
weight must be given not to the officer’s unparticularized suspicion or hunch, but to
the specific reasonable inferences which the officer is entitled to draw from the facts
in light of experience. Terry, 392 U.S. at 27, 88 S. Ct. at 1868.  
          During a traffic stop, it is reasonable for an officer to check for outstanding
warrants and demand identification, a valid driver’s license, and proof of insurance
from the driver. See Davis, 947 S.W.2d at 245 n.6. Further, an officer may conduct
a limited search for weapons of a suspect’s outer clothing, even in the absence of
probable cause, where an officer reasonably believes that the suspect is armed and
dangerous. See Terry, 392 U.S. at 27, 88 S. Ct. at 1877; Davis v. State, 829 S.W.2d
218, 220 (Tex. Crim. App. 1992). However, “[t]he purpose of a limited search after
[an] investigatory stop is not to discover evidence of a crime, but to allow the peace
officer to pursue investigation without fear of violence.” Wood v. State, 515 S.W.2d
300, 306 (Tex. Crim. App. 1974). An investigative detention “must be strictly
circumscribed by the exigencies which justify its initiation.” Terry, 392 U.S. at
25–26, 88 S. Ct. at 1882; Spight v. State, 76 S.W.3d 761, 766 (Tex. App.—Houston
[1st Dist.] 2002, no pet.). Once the reason for the detention has been satisfied, the
detention may not be used as a “fishing expedition for unrelated criminal activity.” 
Davis, 947 S.W.2d at 243. 
          Appellant argues that Deputy Martin could not point to any articulable facts to
justify a Terry-type weapon search. 
          In support of his argument, that there was no fear of violence, appellant refers
to the following testimony of Deputy Martin:
[Defendant]: In terms of your safety, would you feel like
[appellant] was going to do anything to you at that
time?
 
[Martin]: No. 
 
[Defendant]: Did you feel like he was going to assault you or hit
you or anything like that?
 
[Martin]: I didn’t know. I just met the guy. 
 
[Defendant]: Okay. But certainly he had not presented you with
any kind of threats, had he?
 
[Martin]: Not in the brief moment we had met, no.
          However, Deputy Martin was justified in disarming appellant. Martin testified
that the reason he placed the knife in appellant’s car was to avoid forgetting to return
the knife to appellant and to keep the knife away from appellant. He testified that his
motive was not to detect any criminal activity. Thus, Martin acted reasonably in
taking preventive measures to ensure his safety, and his discovery of the marihuana
smell inside the car was not beyond the scope of the investigative stop. See 
Michigan v. Long, 463 U.S. 1032, 1051, 103 S. Ct. 3469, 3481 (1983) (holding that
protection of police can justify protective searches when police have a reasonable
belief that the suspect poses a danger); Ramsey v. State, 806 S.W.2d 954, 958 (Tex.
App.—Austin 1991, pet. ref’d). Judging the evidence in the light most favorable to
the trial court’s ruling, we hold that the trial court properly denied appellant’s motion
to suppress. We overrule appellant’s sole issue.
Conclusion
We affirm the judgment of the trial court. 
 

                                                             George C. Hanks, Jr.
                                                             Justice
Panel consists of Justices Taft, Hanks, and Higley.
Do not publish. Tex. R. App. P. 47.4.