# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00078-CR

**Donald Ray Gunn, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY
## NO. 02-3485-2, HONORABLE TIMOTHY L. WRIGHT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

At his bench trial for driving while intoxicated, appellant Donald Ray Gunn objected to any testimony regarding his appearance and conduct after being stopped by the police, including the results of his intoxilyzer test, on the ground that the evidence was the fruit of an unlawful detention. The objection was overruled, and appellant was adjudged guilty and sentenced to 180 days in jail and a $2000 fine, probated. The sole issue on appeal is whether the stop violated the Fourth Amendment and article I, section 9. U.S. Const. amend. IV; Tex. Const. art. I, § 9.[1] We find that the stop was lawful and affirm the conviction.

On the night in question, appellant had an altercation with the cashier and manager of a Round Rock fast-food restaurant. Appellant, who smelled of alcoholic beverage and appeared

---

[1] Appellant does not argue that the state constitution affords him greater protection under the circumstances than does the federal constitution.

to be intoxicated, insisted that he had been short-changed by the cashier. The manager took appellant to her office, counted the change drawer, and explained to him that there was no discrepancy. Appellant stormed out of the restaurant and drove away after making several threatening gestures toward the manager.

The manager called the police and reported what had happened. She gave the dispatcher appellant's physical description and the description and license plate number of the pickup truck he was driving. Three police officers in separate units were in the area and responded to the reported disturbance. Meanwhile, appellant returned to the restaurant, drove around it twice, then stopped and began to pound on the drive-through service window. The manager made another call to the police, and this information was also dispatched to the officers.

Officer Jeff Eckard was the first officer to arrive at the restaurant. He saw appellant's pickup pulling away from the service window and recognized that both the truck and the driver fit the description he had been given by the dispatcher. He also saw a person, later identified as the manager, wearing what appeared to be a restaurant uniform. She was waiving frantically and pointing at the departing truck, which was the only vehicle in the driveway. Eckard drove up to the rear of appellant's truck as it waited at a red light and initiated the stop.

We must decide if, under the circumstances, Officer Eckard had a reasonable basis for suspecting that appellant was or had been engaged in criminal activity. *See Terry v. Ohio*, 392 U.S. 1, 30 (1968) (grounds for temporary investigative detention); *Davis v. State*, 829 S.W.2d 218, 221 (Tex. Crim. App. 1992) (same); *and see Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) (standard of review). Appellant argues that he did not, citing the officer's testimony that he

2

stopped appellant "based on what my observations of something may have gone on inside the restaurant." We agree with the State that this one sentence taken out of context does not accurately reflect the facts and circumstances known to the officer.

Officer Eckard knew that a disturbance had been reported at the restaurant involving a man who appeared to be intoxicated. He had a description of the man and of the vehicle he was driving, and he knew that the man had returned to the restaurant and initiated a second disturbance at the service window. When the officer arrived at the restaurant moments after receiving the second report, he saw a pickup truck driving away from the window. This truck and its driver, appellant, matched the descriptions he had been given. An obviously excited woman who appeared to be a restaurant employee was waiving at the officer and pointing at the departing pickup truck. We hold that these facts reasonably warranted appellant's detention for further investigation.

The evidence supporting appellant's conviction for driving while intoxicated was not the fruit of an unlawful detention. The judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: July 6, 2005

Do Not Publish

3