In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-203 CR


 ______________________


 

MELTON BELL, JR., Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Court Cause No. 94502






MEMORANDUM OPINION


 Melton Bell, Jr. appeals his conviction for possession of a controlled substance. See
Tex. Health & Safety Code Ann. § 481.115 (Vernon 2003). Bell asserts the trial court
erred in admitting as evidence the cocaine recovered from a matchbox Bell removed from
his pocket. 

 Beaumont police officers Everett Cormier and Eric Heiman were on routine patrol
when they observed Bell walking on the wrong side of the road in violation of state law. He
was carrying what appeared to be a bottle in a brown sack. The officers stepped out of the
patrol car and stopped Bell. They identified themselves as police officers and told Bell they
needed to speak with him about a pedestrian traffic violation. Bell hesitated before he
approached the officers. As he walked towards the car, he immediately placed both of his
hands in his pant pockets. Considering the risk of a weapon, the officers ordered Bell to
remove his hands from his pockets. When he did not, Cormier grabbed Bell's right hand and
Heiman removed Bell's left hand from his pocket and placed it on the hood of the police car. 
Heiman noticed that when Bell's hand came out of his pocket, his hand was clenched in a
fist. Heiman testified that Bell's hand was in an unnatural position and he was concerned
that Bell may have a weapon. Heiman asked Bell to open his hand. Bell did not comply. 
When Bell finally opened his hand, a matchbox fell onto the hood of the car. Bell was
"spread-eagled" on the car as Cormier stood behind him. Heiman stated that in his
experience as a police officer, he had discovered small razor blades in similar matchboxes. 
Heiman stated that he believed there was a threat to officer safety. Heiman opened the
matchbox and found "three small chunks of an off-white rock-like substance" that he
believed to be crack cocaine. Heiman arrested Bell for the possession of a controlled
substance. Lab tests revealed the substance found in the matchbox was cocaine. 

 The trial court admitted as evidence the cocaine found in the matchbox. Bell
complains the trial court erred in admitting the evidence because Heiman searched the
matchbox without a warrant, and the facts did not present a legal exception to the warrant
requirement. We understand Bell to argue that the officers were not justified in fearing for
their safety. 

 Generally, a law enforcement officer may briefly detain an individual to investigate
"possibly-criminal behavior where the officer can 'point to specific and articulable facts,
which, taken together with rational inferences from those facts, reasonably warrant [the]
intrusion.'" Carmouche v. State, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000) (quoting Terry
v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968)). "[A] traffic violation
committed in an officer's presence authorizes an initial stop." Armitage v. State, 637 S.W.2d
936, 939 (Tex. Crim. App. 1982). The Transportation Code provides that when a sidewalk
is not provided, pedestrians walking along and on a highway shall, if possible, walk on the
left side of the roadway or the shoulder of the highway facing oncoming traffic. Tex.
Transp. Code Ann. § 552.006(b) (Vernon Supp. 2006). Bell does not challenge the legality
of the initial stop. 

 As part of a stop, an officer may conduct a limited search of a person's outer clothing
when an officer reasonably believes the person is armed and dangerous. Carmouche, 10
S.W.3d at 329. The purpose of the limited search for weapons is to allow the officer to
pursue the investigation without fear of violence. Id. The test to determine the
reasonableness of a search and seizure is "whether the officer's action was justified at its
inception, and whether it was reasonably related in scope to the circumstances which justified
the interference in the first place." Terry, 392 U.S. at 19-20. To assess the reasonableness
of an officer's conduct, "'specific and articulable facts' must appear in the record which
would warrant a self-protective search for weapons." Worthey v. State, 805 S.W.2d 435, 438
(Tex. Crim. App. 1991) (citing Terry, 392 U.S. at 21).

 The State acknowledges that, in other circumstances, the Texas Court of Criminal
Appeals has stated "that it is unreasonable for two armed police officers to fear a razor blade
that might be contained in a matchbox." Davis v. State, 829 S.W.2d 218, 221 (Tex. Crim.
App. 1992). In Davis, a police officer responded to a dispatch call regarding a narcotics sale
in progress. Id. at 219. The officer conducted a pat-down search on a man who had attempted
to flee from the scene when the officer arrived. Id. The officer felt the pocket of the man's
coat and felt an object solid enough to be a weapon. Id. He reached in the pocket and found
keys, papers, and a matchbox. Id. When the officer opened the matchbox, he found cocaine. 
Id. The officer testified that he had seen narcotics hidden in matchboxes; however, he
opened the matchbox because he was looking for razor blades or other weapons. Id. at 221. 
The Court held that the facts there did not justify a further search for weapons. Id. The
Court noted that although the officer had seen narcotics hidden in matchboxes, the record
lacked any additional facts giving rise to probable cause to search the matchbox for drugs. 
Id. at 221 n.5.

 The case before this Court is distinguishable from Davis. The officers indicated they
were concerned for their safety because, when Bell placed his hands in his pockets, they
believed he was attempting to gain access to a weapon. Heiman testified that he was
concerned that Bell may have had a weapon in his hand. Heiman asked Bell to open his hand
and Bell refused. Bell eventually opened his hand and Heiman saw the matchbox fall. 
Heiman testified that when he saw the matchbox he believed "there's something in there that
he doesn't want me to see." Heiman further testified that in his experience he had found
small razor blades concealed in similar matchboxes. The officers had not yet completed a
weapons search. 

 Furthermore, unlike the circumstances in Davis, Bell's behavior here made it probable
the matchbox contained something other than matches. Cf. Davis, 829 S.W.2d at 221 n.5
(record lacked additional facts to give rise to probable cause to search a matchbox because
a matchbox commonly contains innocent items, i.e., matches). Cormier indicated that when
he encounters an individual who immediately places his hands in his pockets, he suspects the
person may have drugs or a weapon. Heiman testified that the area where Bell was arrested
was "known for high narcotics trafficking activity." Heiman indicated that he had made
several drug-related arrests in the area. Heiman testified that Bell's actions led him to
believe that Bell was trying to gain access to a weapon or to something that he wanted to
discard. See generally Arnold v. State, 831 S.W.2d 556, 559 (Tex. App.--Austin 1992, pet.
ref'd) (officer's suspicions that narcotics were contained in matchbox confirmed when
defendant tried to hide or dispose of matchbox in officer's presence). 

 Heiman testified he opened the matchbox because he thought a weapon was inside
which could be used to harm the officers. Heiman denied searching for drugs. Whether or
not Heiman gave "the right reason" for conducting the search is not the issue here, however. 
Esco v. State, 668 S.W.2d 358, 366 (Tex. Crim. App. 1982). If the decision "was correct on
any theory of law applicable to the case, it is sufficient as a matter of law." Id. Probable
cause exists when reasonably trustworthy facts and circumstances within the officer's
knowledge would lead someone of reasonable prudence to believe that the instrumentality
of a crime or evidence of a crime will be found. McNairy v. State , 835 S.W.2d 101, 106
(Tex. Crim. App. 1991). Probable cause is determined by examining the totality of the
circumstances. Torres v. State, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005). In light of
Bell's conduct and considering the totality of the circumstances, the decision to open the
matchbox was supported by sufficient probable cause to search for drugs. See generally
Arnold, 831 S.W.2d at 559 (attempt to hide matchbox). The trial court did not err in allowing
the cocaine to be admitted into evidence. The judgment is affirmed.




 AFFIRMED.

 ____________________________

 DAVID GAULTNEY

 Justice

Submitted on December 6, 2006

Opinion Delivered April 25, 2007

Do Not Publish 


Before McKeithen, C.J., Gaultney and Horton, JJ.