Opinion filed June 21, 2007
















 
 
  
 
 







 
 
  
 
 




Opinion filed June
21, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00332-CR 

                                                     __________

 

                        RUBEN
GALINDO BENAVIDES, JR., Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                        On
Appeal from the 132nd District Court 

 

                                                          Scurry County, Texas

 

                                                     Trial
Court Cause No. 8933

 



 

                                                                   O
P I N I O N

Ruben Galindo Benavides, Jr. pleaded guilty to the
second degree felony of possession of cocaine in the amount of more than four
grams but less than two hundred grams. 
He also pleaded true to five enhancement paragraphs classifying him as
repeat and habitual offender.  The jury
assessed punishment at sixty years confinement and a $5,000 fine.  We affirm. 

                                                               Background
Facts  








Appellant was indicted for possession of cocaine
in the amount of more than four grams but less than two hundred grams.  The indictment also alleged five prior felony
convictions.  Appellant filed a motion to
suppress the evidence seized at the traffic stop, asserting that his
constitutional and statutory rights were violated under the Fourth, Fifth,
Sixth, and Fourteenth Amendments of the United States Constitution; Article I,
section 9 of the Texas Constitution; and Tex.
Code Crim. Proc. Ann. art. 38.23 (Vernon 2005).  At the hearing on the motion to suppress,
Trooper Zachery Tobias Zalman testified that he observed appellant speeding and
driving with window tint that was too dark. 
Trooper Zalman initiated a traffic stop. 
Trooper Zalman issued appellant a citation for the illegal window tint,
a warning for speeding, and a warning for no valid insurance.  Trooper Zalman testified that, after he
issued the warnings and citation, he obtained appellant=s
consent to search the vehicle.  As he was
searching the vehicle, Trooper Lynn Pierce came to the scene to provide
backup.  At Trooper Zalman=s request, Trooper Pierce conducted a
pat-down search of appellant.  Trooper
Pierce asked appellant to remove his boots, and when appellant complied, he
observed a baggie of cocaine in the heel of appellant=s
boot.  The trial court denied appellant=s motion to suppress.

Issue on Appeal

In a sole issue, appellant contends that the trial
court erred in failing to suppress evidence seized as a result of a Terry[1]
search in violation of his rights under the Fourth Amendment of the United
States Constitution and Article I, section 9 of the Texas Constitution. 

Standard of Review 








A trial court=s
ruling on a motion to suppress is reviewed for an abuse of discretion.  Balentine v. State, 71 S.W.3d 763, 768
(Tex. Crim.
App. 2002).  The trial court did not make
explicit findings of fact.  Consequently,
we review the evidence in a light most favorable to the trial court=s ruling and assume that the trial
court made implicit findings of fact suggested in the record.  Carmouche v. State, 10 S.W.3d 323,
327-28 (Tex.
Crim. App. 2000).  The trial court=s ruling must be sustained if it is
reasonably correct on any theory of law applicable to the case.  Id.
at 327.  We also give deference to the
trial court=s rulings
on mixed questions of law and fact when those rulings turn on an evaluation of
credibility and demeanor.  Guzman v.
State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  Where such rulings do not turn on an
evaluation of credibility and demeanor, we review the trial court=s actions de novo.  Myers v. State, 203 S.W.3d 873, 879
(Tex. App.CEastland
2006, pet. ref=d).  A question turns on an evaluation of
credibility and demeanor when the testimony of one or more witnesses, if
believed, is always enough to add up to what is needed to decide the
substantive issue.  Loserth v. State,
963 S.W.2d 770, 773 (Tex. Crim. App. 1998). 

Pat-Down Search 

Appellant characterizes the search as a Terry
search and argues that the trial court erred in denying his motion to suppress
because there was no evidence of specific articulable facts indicating that
appellant was armed and dangerous.  The
State disputes this description, contending that the officer had probable cause
to arrest appellant before the search and that the cocaine was found during a
consensual search.  We need not resolve
the dispute because the trial court=s
ruling is correct in either event. 

An exception to the Fourth Amendment prohibition
of unreasonable searches and seizures without a warrant occurs when an officer
is justified in believing that a suspect is armed and dangerous.  Minnesota
v. Dickerson, 508 U.S.
366 (1993); O=Hara
v. State, 27 S.W.3d 548, 550 (Tex.
Crim. App. 2000).  A police officer may
conduct a protective search of the suspect=s
outer clothing for weapons if the officer has a reasonable belief based on
specific articulable facts that the person is armed and dangerous.  O=Hara,
27 S.W.3d at 550; Sikes v. State, 981 S.W.2d 490 (Tex. App.CAustin 1998, no pet.). The officer need
not be absolutely certain that the individual is armed but the specific facts
must amount to more than a mere hunch or suspicion.  Terry, 392 U.S. at 27; Sikes, 981
S.W.2d at 492.  The purpose of a pat-down
search is not to discover evidence of a crime but to allow police officers to
pursue the investigation without fear of physical harm.  Davis
v. State, 829 S.W.2d 218, 220 (Tex. Crim. App. 1992).   The determination of whether an officer can
conduct a pat-down search is based on an objective assessment of the facts and
circumstances confronting him at the time and not on the officers actual state
of mind. O=Hara,
27 S.W.3d at 551.  It does not matter
whether the officer testified that he was afraid or not afraid.  Id.  The issue is whether a reasonably prudent
person would justifiably believe that the action taken was appropriate.  Id.








Appellant argues that Trooper Zalman could not
articulate any specific facts that would justify a belief that appellant was
armed and dangerous; he also argues that the pat-down search was conducted as a
matter of routine.  Roadside encounters
with police and suspects are inherently dangerous.  Carmouche, 10 S.W.3d at 330 (citing Michigan
v. Long, 463 U.S.
1032, 1049 (1983)).  When the objective
facts exist for a pat-down search to be conducted, it does not matter who
conducts the search or when the search is conducted. O=Hara, 27 S.W.3d at 554.   Police regulations and routine are not
sufficient to justify a pat-down search. 
Id.
at 553; Sikes, 981 S.W.2d at 494. 
However, even if an officer conducts a pat-down as a matter of routine,
the objective facts available to the officer may still justify a pat-down
search. O=Hara,
27 S.W.3d at 554.  

In this case, Trooper Zalman testified to several
specific facts that would support a reasonable person=s
belief that appellant was armed and dangerous. 
Trooper Zalman testified that he received a call from Trooper Pierce
regarding an anonymous tip about a vehicle fitting the description of appellant=s vehicle transporting drugs from
Odessa to Snyder.  Courts have recognized
that it is objectively reasonable to believe that a person involved in drug
trafficking is armed and dangerous.  See
Griffin v. State, 215 S.W.3d 403, 409 (Tex. Crim. App. 2007); Carmouche,
10 S.W.3d at 330.  Trooper Zalman further
testified that appellant was nervous and never made eye contact with him when
he was speaking to him.  In fact, during
the majority of the traffic stop, appellant never faced Trooper Zalman.  Trooper Zalman also testified that appellant=s hands visibly shook during the
traffic stop.  When Trooper Zalman asked
appellant why he was so nervous, appellant replied that he did not want to go
to jail.  See Spillman v. State,
824 S.W.2d 806, 808 (Tex. App.CAustin
1992, pet. ref=d)
(officer=s
suspicions were raised that appellant might be armed and dangerous because he
visibly shook from nervousness and avoided eye contact during the traffic
stop).  Applying the applicable standard
of review, these specific facts and circumstances were sufficient to justify a
pat- down search of appellant.

Consent to Search

In addition to the pat-down search being
justified, the State argues that appellant consented to the search of his boots
where Trooper Pierce found the cocaine. 
Consent to search operates as an exception to the Fourth Amendment=s warrant requirement.  State v. Ibarra, 953 S.W.2d 242, 243
(Tex. Crim. App. 1997); Myers, 203 S.W.3d at 886.  Consent must be voluntarily given to be
considered effective. Voluntariness is a question of fact to be determined from
the totality of the circumstances.  Carmouche,
10 S.W.3d at 331; Myers, 203 S.W.3d at 886.  Voluntariness must be proven by clear and
convincing evidence. Ibarra, 953 S.W.2d at 245.








Trooper Pierce testified that he approached
appellant and asked him if he minded emptying his pockets.  Appellant did not answer but voluntarily
emptied the contents of his pockets. 
Trooper Pierce did not see anything illegal in appellant=s pockets and proceeded to pat him down
for weapons.  Trooper Pierce testified
that he asked appellant if he minded removing his boots.  Again, appellant did not respond but voluntarily
removed his boots.  Trooper Pierce
testified that, because of the way one of the boots landed, he could see a
baggie at the heel of the boot.  He
further testified that, based on his experience, he believed the baggie
contained narcotics.  Trooper Pierce
testified that appellant told him the baggie contained cocaine.  Trooper Pierce further testified that, at the
time he asked appellant to empty his pockets and to remove his boots, he had
not threatened appellant, had not removed his weapon from his holster, had not
handcuffed appellant, and had not told him he was not free to leave.  The evidence supports an implied finding by
clear and convincing evidence that appellant=s
consent to search his pockets and boots was voluntary.   

Conclusion

There was sufficient specific articulable facts to
justify the pat-down search of appellant. 
Furthermore, appellant consented to the search of his boots where the
cocaine was found.  The trial court did
not err in denying appellant=s
motion to suppress.  We overrule
appellant=s sole
issue on appeal. 

The trial court=s
judgment is affirmed.

 

 

RICK STRANGE

JUSTICE

 

June 21, 2007

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.











[1]Terry v. Ohio,
392 U.S. 1 (1968).