**Opinion filed June 16, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00021-CR

_____

### KATHI ANN ROGERS, Appellant
### V.
### STATE OF TEXAS, Appellee

---

**On Appeal from the Criminal District Court No. 4**
**Tarrant County, Texas**
**Trial Court Cause No. 1081077D**

---

### M E M O R A N D U M   O P I N I O N

The jury convicted Kathi Ann Rogers of the offense of possession of less than one gram of methamphetamine. Upon a plea of true to the enhancement paragraph, the trial court assessed punishment at confinement for four years. We affirm.

Appellant presents four issues for review. In the first and second issues, she complains that the prosecutor improperly attempted to commit some of the members of the venire panel to a particular result based upon certain facts. In the third and fourth issues, appellant asserts that the trial court erred in denying her motion to suppress because she was impermissibly detained.

With respect to the first and second issues, appellant is correct in that an attorney cannot attempt to bind or commit prospective jurors to a particular verdict or result based on a hypothetical set of facts. *See Standefer v. State*, 59 S.W.3d 177, 179 (Tex. Crim. App. 2001). The purpose for prohibiting such questions is "to ensure that the jury will listen to the evidence with an open mind–a mind that is impartial and without bias or prejudice." *Sanchez v. State*, 165 S.W.3d 707, 712 (Tex. Crim. App. 2005). To determine whether a voir dire question called for

an improper commitment, we must first determine whether the particular question was in fact a commitment question and, if so, then determine whether it was an improper one. *Lee v. State*, 206 S.W.3d 620, 621 (Tex. Crim. App. 2006). An improper commitment question attempts to create a bias or prejudice in the prospective juror before he has heard the evidence, whereas a proper voir dire question attempts to discover a prospective juror's preexisting bias or prejudice. *Sanchez*, 165 S.W.3d at 712. A commitment question is proper if it gives rise to a valid challenge for cause and includes only those facts necessary to establish the challenge for cause. *Standefer*, 59 S.W.3d at 181-82.

Appellant's first issue relates to the following question asked by the prosecutor to a venireman who was of the opinion that "it's a waste of time" to try cases where a small amount of controlled substance is involved:

> If you were chosen to sit as a juror on this case and we proved to you beyond a reasonable doubt that this defendant was in possession of a chemically-created substance -- and in the case we're talking about methamphetamine -- of less than a gram, and you believed that beyond a reasonable doubt, would you find her guilty or would you find her not guilty because of your feelings?

Appellant objected, and the trial court overruled the objection.

The State contends that appellant waived his objection to this question by failing to object to other questions on this topic that were posed to various prospective jurors. We disagree. *See Halprin v. State*, 170 S.W.3d 111, 118-21 (Tex. Crim. App. 2005) (where the court addressed the *Standefer* issue with respect to the questions to which the defendant had objected at trial, but held that the defendant had waived the *Standefer* issue with respect to the questions to which he had not objected). The State also contends that appellant's objection at trial was not sufficient to notify the trial court of his complaint. The record shows that, after the prosecutor asked the question, appellant objected "under Standifer" [sic]. As did the court in *Halprin* when the defendant objected "violation of Standifer [sic]," we will assume that appellant's objection was sufficient to alert the trial court to a claim that the prosecutor's question was an improper commitment question. 170 S.W.3d at 119-20.

The question at issue in the present case was clearly a commitment question, as it sought to elicit a commitment from a potential juror as to whether or not he would convict appellant if the amount of methamphetamine that she possessed was less than one gram. However, it was not an improper commitment question because it would have led to a challenge for cause and because it did not include any evidentiary facts or non-statutory manners and means. *See*

2

*Standefer*, 59 S.W.3d at 182 ("The State could have permissibly questioned the prospective jurors about their ability to follow a law that holds a person guilty of possession even though the possession involves only a residue amount of the drug in question."); *see also Cardenas v. State*, 325 S.W.3d 179, 189 (Tex. Crim. App. 2010). Appellant's first issue is overruled.

Appellant's second issue relates to the following colloquy from voir dire regarding the meaning of the term "possession":

> [PROSECUTOR]: . . . . So care, custody, control, or management. What are the ways that a person can possess drugs? Mr. Bradshaw said if they have it on their person, maybe in their pocket. What else? Where else might a person have something that shows that they are in possession of it, but it's not necessarily in their pocket?
>
> VENIREWOMAN: In their purse, on their --
>
> [PROSECUTOR]: Okay. I believe Ms. Bowles, you said in your purse?
>
> VENIREWOMAN BOWLES: Yes.
>
> [PROSECUTOR]: Exactly, that's a great --

Appellant then objected under *Standefer* that the prosecutor was improperly attempting to bind the prospective jurors. Appellant's objection to the prosecutor's question was untimely because it was not made at the earliest possible opportunity. *Turner v. State*, 805 S.W.2d 423 (Tex. Crim. App. 1991); *Montgomery v. State*, 198 S.W.3d 67, 74 (Tex. App.—Fort Worth 2006, pet. ref'd). Appellant, therefore, preserved nothing for review. Appellant's second issue is overruled.

In her third and fourth issues, appellant complains that the trial court erred in denying her motion to suppress because she was impermissibly detained beyond the scope of the original purpose for her detention. Appellant relies upon the Fourth Amendment in her third issue and upon the state constitution in her fourth issue.

At a hearing on a motion to suppress, the trial court is the sole factfinder and the judge of the witnesses' credibility, and we may not disturb any finding that is supported by the evidence unless an abuse of discretion is shown. *Guzman v. State*, 955 S.W.2d 85 (Tex. Crim. App. 1997); *Davis v. State*, 829 S.W.2d 218 (Tex. Crim. App. 1992). In reviewing a trial court's ruling on a motion to suppress, appellate courts must give great deference to the trial court's findings of historical facts as long as the record supports the findings. *Guzman*, 955 S.W.2d at 87. Because the trial court is the exclusive factfinder, appellate courts review the evidence adduced at the suppression hearing in the light most favorable to the trial court's ruling. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We also give deference to the trial court's rulings on mixed questions of law and fact when those rulings turn on an evaluation

of credibility and demeanor. *Guzman*, 955 S.W.2d at 87. Where such rulings do not turn on an evaluation of credibility and demeanor, we review the trial court's actions de novo. *Id.*

The record shows that appellant was stopped by Officer M.E. Byrd for running two stop signs. Officer Byrd testified that appellant seemed frantic and that, before he had a chance to ask any questions, appellant stated that her daughter was having an asthma attack. Though the daughter did not seem to be having any trouble breathing, Officer Byrd asked if she needed an ambulance. Appellant then began volunteering information on other topics, including that she was on parole for possession of a controlled substance. Officer Byrd had appellant step out of the vehicle. Approximately fifteen minutes after the initial stop, Officer Byrd asked appellant for consent to search the vehicle. Appellant voluntarily consented, both verbally and in writing. During the search of appellant's car, Officer Byrd found three baggies, a metal pipe, and a scale in appellant's purse. Two of the baggies contained residue, and one of the baggies contained a crystal substance that was later determined to be methamphetamine.

Appellant correctly states that an investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop. *Florida v. Royer*, 460 U.S. 491, 500 (1983); *Davis v. State*, 947 S.W.2d 240, 243 (Tex. Crim. App. 1997). In this case, however, appellant was stopped for a traffic violation and, within fifteen minutes and prior to the effectuation of the purpose of the traffic stop, had consented to a search of her vehicle. The trial court did not abuse its discretion in determining that appellant was not unnecessarily detained. Furthermore, appellant does not challenge the voluntariness of her consent. If consent is given voluntarily, a search incident to that consent is not unreasonable. *Reasor v. State*, 12 S.W.3d 813, 818 (Tex. Crim. App. 2000). Appellant's third and fourth issues are overruled.

The judgment of the trial court is affirmed.

JIM R. WRIGHT

CHIEF JUSTICE

June 16, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel[1] consists of: Wright, C.J.,
McCall, J., and Hill, J.[2]

---

[1]Rick Strange, Justice, resigned effective April 17, 2011. The justice position is vacant pending appointment of a successor by the governor.

[2]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.