Affirmed and Memorandum
Opinion filed February 4, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00154-CR

____________

 

RYAN CLAY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

                                                                              

On Appeal from the County Criminal Court
at Law No. 4

Harris County, Texas

Trial Court Cause No. 1487007

 

 

 



M E M O R A N D U M  O P I N I O N

 

            Appellant,
Ryan Clay, appeals his conviction for evading detention.  In five issues, he
contends the evidence was legally and factually insufficient to support the
conviction and the trial court erred by denying his motion for directed
verdict, excluding certain testimony, and denying his motion for new trial.  Because
all dispositive issues are settled in law, we issue this memorandum opinion and
affirm.  See Tex. R. App. P. 47.4.  

 

I.  Background

Houston
Police Officers Brian Chebret, James Racus, and William Bearden testified at
appellant’s trial.  According to their testimony, on the night of October 19,
2007, Officer Chebret was dispatched to a call concerning the robbery of a
restaurant.  As he drove toward the restaurant, the dispatcher reported that the
“suspect” was male and left in a brown, four-door Ford Taurus but no license-plate
information was available.  When Officer Chebret approached the area of the
restaurant, several witnesses flagged him down, told him some males had robbed
the restaurant, and indicated the direction in which the suspects fled. 
Officer Chebret drove toward the area indicated by the witnesses and saw the
suspects’ car. 

            Officer
Chebret pulled behind the car and activated his lights and siren.  The driver
refused to pull over, weaved through traffic, and ran some red lights.  Officer
Racus, who was off duty but in uniform and driving a police vehicle, learned of
the robbery from Officer Chebret and joined the chase.  After a three-to-four
mile pursuit, the driver went into a ditch, disabling the car.  The driver and
appellant, who was in the passenger seat, both immediately exited the car and
ran in opposite directions.  On foot, Officer Chebret chased and eventually
caught the driver.  When appellant exited the car, Officer Racus tried to cut
off appellant’s path of escape, using his police vehicle, but appellant leaped
over the hood of the vehicle.

On foot,
Officer Racus chased appellant through a dark, grassy field.  After dropping
his flash light, Officer Racus depended on the LED light on his taser which
projected illumination for only a few feet.  Although Officer Racus did not
identify himself as a police officer during the chase, he yelled three times
for appellant to stop, and appellant looked back several times.  Officer Racus
ultimately lost sight of appellant.  Officer Racus then established a
“perimeter,” which involved summoning other officers to block appellant’s
escape, and awaited arrival of a K-9 unit.  Officer Bearden of the K-9 unit
arrived and went to the last place appellant was seen.  The dog followed the
scent trail to a house with a pond in the yard where appellant was found and
arrested.

            At trial,
Officer Chebret identified appellant as the person who exited the vehicle from
the passenger side.  Officer Bearden identified appellant as the person pulled
from the pond and arrested.  Officer Racus could not remember the passenger’s
physical features or identify him in court but was sure the person pulled from
the pond was the man he chased that night. The officers later learned that
appellant was not involved in the robbery of the restaurant.  

A jury
convicted appellant of evading detention, and the trial court sentenced him to
180 days’ confinement.  Appellant subsequently filed a motion for new trial
which the trial court denied.

II.  Sufficiency of the Evidence

            We will
consider together appellant’s first, second, and third issues, in which he
challenges legal and factual sufficiency of the evidence to support his
conviction and the trial court’s denial of his motion for directed verdict.

A.        Standard of Review 

We treat
an appeal from the denial of a motion for directed verdict as a challenge to
legal sufficiency of the evidence to convict.  Bargas v. State, 252
S.W.3d 876, 886 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing Williams
v. State, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996)).  In considering a
legal-sufficiency challenge, we review all evidence in the light most favorable
to the verdict to determine whether any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt.  Salinas v.
State, 163 S.W.3d 734, 737 (Tex. Crim. App. 2005).  The jury is the sole
judge of the credibility of witnesses and is free to believe or disbelieve all
or part of a witness’s testimony.  Sharp v. State, 707 S.W.2d 611, 614
(Tex. Crim. App. 1986).  We ensure only that the jury reached a rational
decision and do not reevaluate the weight and credibility of the evidence.  Muniz
v. State, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993).

            In examining
a factual-sufficiency challenge, we review all evidence in a neutral light and
set aside the verdict only if (1) the evidence is so weak that the verdict
seems clearly wrong or manifestly unjust or (2) the verdict is against the
great weight and preponderance of the evidence.  See Marshall v. State,
210 S.W.3d 618, 625 (Tex. Crim. App. 2006); Watson v. State, 204 S.W.3d
404, 414–15 (Tex. Crim. App. 2006); Cain v. State, 958 S.W.2d 404, 407
(Tex. Crim. App. 1997).  Although we may substitute our judgment for the jury’s
when considering credibility and weight determinations, we may do so only to a
very limited degree and must still afford due deference to the jury’s
determinations.  See Marshall, 210 S.W.3d at 625.

B.        Analysis

            A person
commits the offense of evading arrest or detention “if he intentionally flees
from a person he knows is a peace officer attempting lawfully to arrest or detain
him.”  Tex. Penal Code Ann. § 38.04 (Vernon 2003).

Initially,
we note that appellant suggests no arrest or detention had occurred when he
evaded the officers.  However, the elements of the offense do not require that an
actual arrest or detention have occurred when the defendant flees from the
peace officer, but only that the officer is attempting an arrest or
detention.  See id.  In this case, the entire gist of the
officers’ testimony was that an officer was attempting to detain appellant.

Appellant
also argues the attempted detention was not lawful.  See id.  He
cites Davis v. State in which the court stated that “a stop is justified
if the officer, based upon specific and articulable facts, reasonably surmises
the detained person may be associated with a crime.”  829 S.W.2d 218, 219 (Tex.
Crim. App. 1992) (citing Terry v. Ohio, 392 U.S. 1 (1968)).  Appellant
emphasizes Officer Racus’s testimony that, during the chase, he did not have information
regarding appellant’s involvement, if any, in the robbery, but had to assume
“whether right or wrong” he was involved and detain him to obtain further
information.  However, as the officers’ testimony also reflected, appellant was
an occupant of the car which, according to witnesses, contained the robbery
suspects, the driver led the police on a chase, and appellant then fled on
foot.  Moreover, Officer Racus testified that, when appellant “bailed” out of
the car, Officer Racus thought he was a “lookout,” getaway driver, or some form
of accomplice.  Accordingly, the jury could have rationally concluded that, at
least when Officer Racus chased appellant on foot, he reasonably surmised
appellant may have been associated with the robbery.  

Appellant
also suggests the evidence was insufficient to prove he knew Racus was a police
officer and was attempting to detain him.  Appellant emphasizes Officer Racus’s
testimony that he did not identify himself as a police officer and the light on
his taser provided limited illumination.  However, the jury could have
rationally concluded appellant knew Racus was a police officer and was
attempting to detain him based on the following:  the officers were in two
marked police vehicles, at least one of which had lights and siren activated,
when they chased the suspects’ car; when appellant exited the car, Officer
Racus tried to cut off his escape path using a marked vehicle; appellant jumped
over this marked vehicle to flee on foot; while chasing appellant, Officer
Racus was in uniform and yelled three times for him to stop; and appellant
looked back several times. 

In sum,
viewing the evidence in the light most favorable to the verdict, we conclude a
rational jury could have found beyond a reasonable doubt that appellant
committed the offense of evading detention.  Additionally, viewed in a neutral
light, the evidence that appellant evaded detention is not so weak that the
verdict seems clearly wrong or manifestly unjust and the verdict is not
contrary to the great weight and preponderance of the evidence.  Accordingly,
we overrule appellant’s first, second, and third issues.

III.  Motion for New Trial and Exclusion of Evidence

In his
fourth and fifth issues, appellant contends the trial court erred by denying
his motion for new trial and excluding Houston Police Officer Troy Triplett’s
testimony regarding a statement made by appellant.  

During
trial, appellant called Officer Triplett as a witness.  Appellant first informed
the trial court Officer Triplett would testify he obtained appellant’s
statement the day after the incident and appellant claimed he did not run from
the police officers but from a man with a gun who had earlier entered the car. 
The State objected that the statement was hearsay and a manner to “back door”
appellant’s exculpatory testimony without his actually testifying.  At that
point, appellant first argued the statement was admissible as “res gestae.” 
Then, he made a more specific argument that it was admissible to show
appellant’s state of mind and thus was not hearsay or qualified as an exception
to the hearsay rule.  The trial court excluded the statement as both a method
to “back door” appellant’s testimony and “pure hearsay.”

Appellant
then presented Officer Triplett’s testimony through a question-and-answer offer
of proof.  Officer Triplett confirmed that appellant stated he did not run from
the officers but was “running for his life” because the other person had a gun
and ordered appellant to exit the car and run.  Appellant then reurged his
earlier positions and also argued the purpose of the statement was not
self-serving and “it’s protected under the guidelines of Miranda.”  The trial
court reiterated its ruling excluding any testimony regarding the contents of
appellant’s statement.

In his
written motion for new trial, appellant suggested the court erred by excluding
this testimony because it was admissible under the rule of optional
completeness.  See Tex.  R.  Evid. 107.  At a hearing on the motion,
appellant argued that his statement was admissible under the excited-utterance exception
to the hearsay rule and offered further testimony from Officer Triplett to
support this contention.  See Tex.  R.  Evid. 803(2).  The court denied
the motion for new trial.

On
appeal, appellant argues the statement was admissible under the
excited-utterance exception and the rule of optional completeness.  It is
unclear whether appellant challenges separately the trial court’s exclusion of
the testimony during trial and its denial of the motion for new trial.  To the
extent appellant challenges exclusion of the testimony during trial, he failed
to preserve error.  To preserve an issue for appellate review, a party must
make a timely objection or request to the trial court, sufficiently stating the
specific grounds for the requested ruling, unless apparent from the context,
and obtain an adverse ruling.  See Tex. R. App. P. 33.1(a); Wilson v.
State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).  Moreover, the objection
or request at trial must comport with the complaint presented on appeal.  Wilson,
71 S.W.3d at 349.  With respect to a ruling excluding evidence, the proponent must
have made the substance of the evidence known to the trial court through an
offer of proof, unless the substance was apparent from the context in which the
questions were asked.  Tex.  R.  Evid. 103(a)(2).

During
trial, appellant never contended his statement was admissible under the
excited-utterance exception or the rule of optional completeness.  His “res
gestae” argument was not sufficiently specific to preserve error on the
excited-utterance contention.  See Fischer v. State, 252 S.W.3d
375, 379–80 (Tex. Crim. App. 2008) (recognizing “res gestae” is “an imprecise
Latin legalese term” which describes several different types of “unreflective
statements” which are hearsay exceptions under the Rules of Evidence).  Further,
appellant’s excited-utterance and rule-of-optional-completeness arguments
relative to his motion for new trial were not timely with respect to the
court’s ruling during trial.  A party complaining about exclusion of evidence
must make his offer of proof “before the court’s charge is read to the jury.” 
Tex. R. Evid. 103(b); see Neal v. State, No. 14-07-00913-CR, 2009
WL 585965, at *4  (Tex. App.—Houston [14th Dist.] Mar 10, 2009, pet. ref’d)
(mem. op., not designated for publication).  Accordingly, appellant waived
error regarding exclusion of the testimony on these grounds during trial.

Appellant
primarily seems to challenge the trial court’s denial of his motion for new
trial.  We review a trial court’s denial of a defendant’s motion for new trial
under an abuse-of-discretion standard. Webb v. State, 232 S.W.3d 109,
112 (Tex. Crim. App. 2007).   

We need
not address appellant’s excited-utterance or rule-of-optional- completeness
contentions.  Even if the statement were admissible on either of these grounds,
appellant was not entitled to a new trial.  Appellant cites no authority
demonstrating a trial court abuses its discretion by refusing to grant a new
trial so that a defendant may establish evidence is admissible on a ground he
could have, but did not, raise in his original trial.  To the contrary, if a
trial court exercises its discretion and grants a motion for new trial,
the defendant, as prevailing party, need not have preserved, during trial, the
error of which he complained in the post-trial motion.  State v. Herndon,
215 S.W.3d 901, 909 (Tex. Crim. App. 2007).  However, if the trial court denies
a motion for new trial, “the defendant, as the losing party, must have
preserved that same error before he may claim it as a basis for reversing the
trial judge once he moves into the appellate court.”  Id.  Therefore, a
trial court may, but need not, grant a motion for new trial on the basis of
unpreserved trial error if the error is sufficiently serious that it has
affected the defendant’s substantial rights.   Id. at 910.

Accordingly,
because appellant failed to preserve error during trial on the
excited-utterance and rule-of-optional-completeness complaints, the trial court
did not abuse its discretion by denying his motion for new trial.  See Courson
v. State, 160 S.W.3d 125, 129 (Tex. App.—Fort Worth 2005, no pet.) (holding
trial court did not abuse its discretion by denying motion for new trial
complaining admission of evidence violated confrontation clause because
appellant failed to raise contention during trial); see also Herndon,
215 S.W.3d at 905 n.4 (recognizing trial court’s ruling on a motion for new
trial will be upheld if correct on any applicable legal theory).  We overrule
appellant’s fourth and fifth issues.

We
affirm the trial court’s judgment.

 

                                                                                    

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

Panel consists of Chief Justice Hedges and Justices
Seymore and Sullivan.

Do Not Publish — Tex. R. App. P. 47.2(b).