**Charles ARNOLD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–91–218–CR.**

Court of Appeals of Texas, Austin.

June 3, 1992.

Rehearing Overruled July 1, 1992.

---

4. The 1989 amendment of art. 37.07, § 3(a), effectively overrules *Murphy v. State*, 777 S.W.2d 44 (Tex.Crim.App.1988).

Julie C. Howell, Austin, for appellant.

Ronald Earle, Dist. Atty., Ruth–Ellen Gura, Asst. Dist. Atty., Austin, for appellee.

Before POWERS, JONES and KIDD, JJ.

PER CURIAM.

A jury found appellant guilty of possessing less than twenty-eight grams of cocaine, a controlled substance. Tex.Health & Safety Code Ann. § 481.115 (Pamph. 1992). The district court assessed punishment, enhanced by two previous felony convictions, at imprisonment for thirty years. In his only point of error, appellant contends the court erred by overruling his motion to suppress evidence.

On the night of September 17, 1990, uniformed Austin police officers Norris McKenzie and Jeffery Haynes were on foot patrol in the area of 12th and Chicon Streets. At approximately 9:00 p.m., the officers approached the Casanova Club, a place well known to the officers for extensive drug trafficking. Appellant was sitting on the front steps of the club. Appellant and the officers knew each other from earlier encounters, including a previous arrest of appellant for possession of cocaine. On other occasions, the officers had observed appellant committing what they suspected were drug transactions. Appellant appeared startled when he saw the officers, and he immediately stood up and hurried into the club. The officers followed him "[t]o see why he was running."

Inside the club, McKenzie saw appellant reach into his pocket and withdraw a matchbox. From previous experience, McKenzie knew that matchboxes are commonly used to carry controlled substances. In fact, appellant had cocaine in a matchbox at the time of his prior arrest by these officers. Appellant attempted to place the matchbox behind a video game machine, but before he could do so McKenzie grabbed his hand and told him to stop. Appellant began to struggle and the two men fell to the floor. As he fell, appellant tossed the matchbox onto the floor. Haynes intervened at this point, and the

two officers subdued appellant. McKenzie picked up the matchbox from the floor and looked inside, finding what proved to be crack cocaine.

Appellant contends that the police did not have probable cause to arrest and search him on the night in question, and that the seizure of the matchbox and its contents therefore was unlawful. To properly evaluate this contention, we must consider the recent opinion in *Davis v. State*, 829 S.W.2d 218 (Tex.Crim.App.1992) (opinion on rehearing).

In *Davis*, a police officer responded to a report that three men were selling narcotics at a particular address. When the officer arrived, the three men hastily got into a nearby car. The officer parked his vehicle so as to prevent the men from leaving and ordered the men to get out of their car. The officer's attention was drawn to Davis, who was wearing a trench coat even though it was a warm day. The officer frisked the defendant and found keys, papers, and a matchbox in his coat pocket. The officer opened the matchbox and found cocaine.

The Court of Criminal Appeals concluded that the officer reasonably suspected Davis of criminal activity and was justified in detaining him for investigation. But while the detention was justified, the opening of the matchbox was not. Noting that a search attendant to an investigative detention must be limited to the discovery of weapons that could hurt the officer, the court held that the officer exceeded the scope of a limited weapons search when he opened the matchbox. The court further held that the officer did not have probable cause to believe that the matchbox contained narcotics, distinguishing the case from *Texas v. Brown*, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983).

In *Brown*, the officer stopped the defendant at a routine driver's license checkpoint. The officer saw the defendant drop an opaque green balloon knotted near the tip onto the seat next to him. The officer was aware that narcotics are frequently packaged in such balloons. While the defendant searched the glove compartment for his license, the officer noticed small plastic vials, loose white powder, and an open bag of party balloons in the glove compartment. When the defendant could not find his license, the officer instructed the defendant to get out of the car and he complied. The officer then picked up the green balloon which seemed to contain a powdery substance. The Supreme Court held that the officer had probable cause to believe that the green balloon contained narcotics based on his experience and the contents of the glove compartment which suggested possession of narcotics. [Citation.] Here, Officer Bonasto had occasionally seen narcotics hidden in matchboxes, but the record lacks any additional facts giving rise to probable cause to search the matchbox. And, unlike a balloon, a matchbox commonly contains innocent items, i.e., matches. The mere fact that the officer was investigating a possible narcotics sale, without more, is not enough to warrant further intrusion. *Davis*, at 220 n. 5.

In light of the opinion in *Davis*, it is not necessary for this Court to determine whether appellant had been arrested or merely detained when the officers seized and looked inside the matchbox. The officers did not testify that they feared appellant was carrying a weapon, and *Davis* teaches that opening the matchbox exceeded the legitimate scope of a weapons frisk in any event. McKenzie candidly stated that he wanted to look inside the matchbox because he suspected it contained crack cocaine. Therefore, the dispositive issue in this cause is whether the officers had probable cause to believe that the box contained contraband. If they did, the arrest (if that is what it was) and search were lawful. Tex.Code Crim.Proc.Ann. art. 14.01(b) (1977). If they did not, the seizure of the cocaine was unlawful even if appellant had been lawfully detained by the officers on less than probable cause.

■■■ Probable cause exists where the facts and circumstances within the officer's knowledge and of which he has reasonably trustworthy information are sufficient in

themselves to warrant a man of reasonable caution in the belief that a particular person has committed or is committing an offense. *Amores v. State*, 816 S.W.2d 407, 413 (Tex.Crim.App.1991). Probable cause is a flexible, common-sense standard, and a practical probability that incriminating evidence is involved is all that is required. *Miller v. State*, 667 S.W.2d 773, 777 (Tex. Crim.App.1984), quoting *Texas v. Brown*, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983). Courts look to the totality of the circumstances in determining whether probable cause for a warrantless search and seizure exists. *Amores*, 816 S.W.2d at 413; *Eisenhauer v. State*, 754 S.W.2d 159 (Tex.Crim.App.1988).

■ The burden of proof is on the State to prove the existence of probable cause for a warrantless search. *Amores*, 816 S.W.2d at 413. As trier of fact at the suppression hearing, the trial court determines the credibility of the witnesses and the weight to be given their testimony. *Black v. State*, 776 S.W.2d 700, 701 (Tex. App.1989, pet. ref'd). On appeal, the trial court's determination that probable cause existed should not be disturbed unless an abuse of discretion is clearly shown. *Davis*, at 220.

■ After careful consideration, we conclude that the district court did not abuse its discretion by overruling appellant's motion to suppress. Unlike the officer in *Davis*, who had only "occasionally" seen narcotics hidden in matchboxes, the officers in this cause were shown to routinely encounter narcotics in such boxes. McKenzie testified that more than half the arrests he had made for possession of a controlled substance involved substances kept in matchboxes. Moreover, appellant had used a matchbox to hold the crack cocaine for which the officers had previously arrested him. Most importantly, the officer's suspicions were confirmed when he saw appellant trying to hide or dispose of the matchbox behind the game machine. Under the circumstances, a reasonably prudent and cautious police officer would be justified in believing that appellant would not go to such trouble if the box contained only matches. We find that the facts and circumstances gave the officers probable cause to believe that the matchbox in appellant's possession contained contraband and that the search of the box was, accordingly, lawful. The point of error is overruled.

The judgment of conviction is affirmed.