cr2-180 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-180-CR





VICTOR CARR,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 0914708, HONORABLE BOB JONES, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of delivering less than twenty-eight grams of cocaine,
a controlled substance. Tex. Health & Safety Code Ann. § 481.112 (West 1992). The district
court assessed punishment, enhanced by two previous felony convictions, at imprisonment for
thirty-five years. In his only point of error, appellant contends that the court erred by overruling
his motion to suppress evidence.

 Austin police officers Lee Syga and John Colunga were on patrol in an unmarked
car on the night of September 13, 1991. As they approached the intersection of Coronado Street
and Webberville Road, they saw a car parked at the side of Coronado. One man was sitting in
the car, while another man stood beside the car with one arm reaching inside toward the driver. 
Based on their knowledge of this area, the officers suspected that a drug transaction was taking
place.

 The officers drove up to the parked car. Syga recognized the man standing beside
the car as appellant, a known drug dealer. Syga heard appellant tell the man in the car, "Ditch
the stuff, man. Ditch the stuff. It's the law." Appellant also said, "Swallow it. Swallow it." 
The officers got out of their vehicle. Syga looked inside the parked car and saw that the driver
was holding a $20 bill and a small plastic bag containing a powdery substance. Colunga,
meanwhile, frisked appellant and felt a hard object in his pocket. This object proved to be a roll
of currency totalling $1926.

 The officers arrested the driver of the parked car, Kenneth Waller. But believing
they did not have probable cause to arrest appellant, they allowed appellant to walk to his nearby
house. Before leaving the scene, however, the officers received a radio report that there was an
outstanding warrant for appellant's arrest. Colunga arrested appellant after hearing this report. 
It is undisputed that the radio report was erroneous and that there was no outstanding, unexecuted
warrant for appellant's arrest. Appellant argues, therefore, that his arrest was unlawful and that
all evidence seized as a result of the arrest should have been suppressed. 

 Under the Fourth Amendment, a police officer's subjective reason for arresting a
suspect is irrelevant to a determination of the legality of that arrest. Garcia v. State, 827 S.W.2d
937, 942 (Tex. Crim. App. 1992). (1) The validity of an arrest is determined by the objective facts
surrounding the arrest. Id. at 943; see Warrick v. State, 634 S.W.2d 707 (Tex. Crim. App.
1982). Despite their belief to the contrary, the facts and circumstances known to the officers in
this cause warranted them in the belief that appellant had committed or was committing an
offense. See Arnold v. State, 831 S.W.2d 556, 558-59 (Tex. App.--Austin 1992, pet ref'd). 
Because the officers had probable cause to believe that appellant was violating the Controlled
Substances Act in their presence, the officers were statutorily authorized to arrest appellant
without a warrant. Tex. Code Crim. Proc. Ann. art. 14.01(b) (West 1977); see also Tex. Code
Crim. Proc. Ann. art. 14.03(a)(1) (West Supp. 1993).

 Moreover, reversible error is not presented even if appellant's warrantless arrest
was unlawful. The only evidence obtained as a result of the arrest was Waller's identification of
appellant at trial as the man who sold him the cocaine. Waller indicated on cross-examination that
his ability to identify appellant was based on his view of appellant at the police station following
their arrest. Waller's identification of appellant was not, however, crucial to the State's case since
both police officers were able to identify appellant as the man they saw standing beside Waller's
car. The admission of Waller's identification testimony, if error, was harmless beyond a
reasonable doubt. Tex. R. App. P. 81(b). 

 The other evidence in this cause was not the product of appellant's arrest and thus
could not be tainted by the arrest's alleged illegality. The cocaine was seized pursuant to Waller's
arrest. The money found in appellant's pocket was discovered during Colunga's frisk of
appellant. Appellant does not question the legality of this frisk, which preceded his arrest.

 The point of error is overruled. The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Aboussie and Jones]

Affirmed

Filed: February 17, 1993

[Do Not Publish]

1.   Appellant's single point of error does not present a distinct state constitutional claim. 
See Heitman v. State, 815 S.W.2d 681, 690 n.23 (Tex. Crim. App. 1991).