Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★ ★ ★ ★

# OPINION

Nos. 04-08-00614-CR & 04-08-00615-CR

The **STATE** of Texas,
Appellant

v.

Amanda Marie **HOFFMAN**,
Appellee

From the 216th Judicial District Court, Kerr County, Texas
Trial Court Nos. A-08-161 & A-08-162
Honorable Stephen B. Ables, Judge Presiding

Opinion by:     Marialyn Barnard, Justice
Dissenting opinion by Steven C. Hilbig, Justice

Sitting:        Rebecca Simmons, Justice
                Steven C. Hilbig, Justice
                Marialyn Barnard, Justice

Delivered and Filed:   May 13, 2009

AFFIRMED

Amanda Marie Hoffman was indicted for the offenses of tampering with physical evidence

and possession of a controlled substance in the amount of over one gram but less than four grams.

After conducting a pre-trial hearing, the trial court granted Hoffman's motion to suppress.  In one

issue on appeal, the State argues the trial court erred in granting Hoffman's motion to suppress

because there was probable cause and exigent circumstances for the officers to conduct a warrantless

search; therefore, no evidence was obtained in violation of the Fourth Amendment of the United States and Texas Constitutions. We affirm the trial court's ruling.

## BACKGROUND

On January 26, 2008, an officer received information from a confidential informant that Adam Triana was selling drugs from a room in the rear area of a certain motel. The confidential informant did not have firsthand personal knowledge of the selling but was advised of it by an unidentified third person. The officer did not have any information as to the credibility or reliability of the third person.

On January 28, 2008, Triana was arrested for Driving while License Suspended and Possession of Marihuana. While Triana was in jail, two investigators went to the motel where Triana stated he was living with Hoffman, his girlfriend. Hoffman was an employee of the motel and was provided a room in which to reside as part of her compensation. The investigators did not have a warrant.

When the investigators arrived at the motel, they met with Hoffman's boss, the motel manager, and asked her to assist them in walking up to Hoffman's room. As all three approached Hoffman's room with the motel manager in the lead, Hoffman exited her room and appeared to be speaking with someone on the floor below over a railing outside her room. When the manager and investigators were about twenty feet from Hoffman's room, Hoffman saw them, stopped her conversation, and rushed back into her residence, leaving the door open. The investigators approached the door as fast as they could and heard the toilet flush. Although they had no information regarding Hoffman possessing any drugs, they immediately entered her room and performed a warrantless search. One of the investigators saw Hoffman standing over the toilet

although he admitted the bathroom was dark. The investigator pulled Hoffman away from the toilet, reached inside the toilet, and removed a bag of crack cocaine. The investigators also found marijuana in the room and information identifying Triana as a possible occupant.

Hoffman was indicted for the offenses of tampering with physical evidence and possession of a controlled substance in the amount of over one gram but less than four grams. The trial court conducted a pre-trial hearing on Hoffman's motion to suppress, which was granted. This appeal followed.

### MOTION TO SUPPRESS

In one issue, the State argues the trial court erred in granting Hoffman's motion to suppress evidence obtained during the search of Hoffman's residence.[1] The State contends the search was valid because the officers had probable cause and there were exigent circumstances for them to enter the motel room and conduct a warrantless search. Therefore, no evidence was obtained in violation of any provisions of the Fourth Amendment of the United States and Texas Constitutions.

While the search of a residence without a warrant is presumptively invalid, some circumstances exist which justify a warrantless search. *Payton v. New York*, 445 U.S. 573, 586 (1980). Examples of these circumstances include when the police have probable cause coupled with an exigent circumstance, when they have obtained voluntary consent, or when the search is conducted incident to a lawful arrest. *Gutierrez v. State*, 221 S.W.3d 680, 685 (Tex. Crim. App. 2007) (*citing McGee v. State*, 105 S.W.3d 609, 615 (Tex. Crim. App. 2003)). In these situations, the Fourth Amendment endures a warrantless search. *Id.*

---

[1]This appeal addresses the same issue presented in *State v. Triana*, No. 04-08-00619-CR, 2009 WL _____ (Tex. App.—San Antonio _____, 2009, no pet. h.). Because we agree with its reasoning and analysis, we adopt that panel's opinion, and with the author's permission rely on the text of the analysis in that opinion.

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review, giving almost complete deference to the trial court's findings of historical fact supported by the record and reviewing *de novo* the trial court's application of the law of search and seizure. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The Court of Criminal Appeals recently summarized the approach to be taken when examining the validity of a warrantless search:

> To validate a warrantless search based on exigent circumstances, the State must satisfy a two-step process. First, there must be probable cause to enter or search a specific location. In the context of warrantless searches, probable cause exists "when reasonably trustworthy facts and circumstances within the knowledge of the officer on the scene would lead a man of reasonable prudence to believe that the instrumentality . . . or evidence of a crime will be found." Second, an exigency that requires an immediate entry to a particular place without a warrant must exist. . . . If the State does not adequately establish both probable cause and exigent circumstances, then a warrantless entry will not withstand judicial scrutiny.

*Gutierrez*, 221 S.W.3d at 685-86 (citations omitted). The State argues the investigators had probable cause to conduct the search based on the information received from the confidential informant, coupled with the exigent circumstance of Hoffman quickly entering her residence after making eye contact with the investigators, and the subsequent sound of a flushing toilet.

As noted above, probable cause exists "when reasonably trustworthy facts and circumstances within the knowledge of the officer on the scene would lead a man of reasonable prudence to believe that the instrumentality . . . or evidence of a crime will be found." *See id.* The same facts which give rise to probable cause may also be relevant to an analysis of exigent circumstances. *See Parker v. State*, 206 S.W.3d 593, 600-01 (Tex. Crim. App. 2006). The State argues the investigators had knowledge of several facts supporting probable cause, including their awareness that Triana lived at the location, that Triana was a known drug dealer and/or user, and that Hoffman was his girlfriend

or common-law wife. The State also notes the investigators' training and experience in these types of investigations led them to believe Hoffman's actions in suddenly stopping a conversation and entering her residence after spotting the officers, and the subsequent toilet flushing, provided both the probable cause and exigent circumstances needed to enter Hoffman's room without a warrant.

We find the State's argument unpersuasive. One of the investigators testified that at the time they visited the motel, they did not have probable cause to search Hoffman's room and were hoping to gather more information so that a search warrant could be obtained. In addition, while their suspicions centered around Triana, the investigators knew Triana was in custody at that time. Testimony revealed the investigators had no specific information regarding Hoffman possessing drugs that would have given them probable cause to enter her room and conduct a search. *See Ybarra v. Illinois*, 444 U.S. 85, 91 (1979) (stating "[w]here the standard is probable cause, a search . . . must be supported by probable cause particularized with respect to that person"); *see also Maryland v. Pringle*, 540 U.S. 366, 372-73 (2003) (quoting *Ybarra)*. Consequently, the investigators failed to establish the requisite probable cause necessary to justify a warrantless search of Hoffman's residence. Because probable cause was not present, we need not reach the second prong of the test requiring an exigent circumstance.

We initially note that one of the cases cited in the dissenting opinion is *Illinois v. Wardlow*, 528 U.S. 119 (2000). In *Wardlow*, however, the United States Supreme Court was analyzing whether reasonable suspicion justified a brief encounter between a citizen and a police officer on a public street. 528 U.S. at 123. The Court expressly recognized that "'reasonable suspicion' is a less demanding standard than probable cause." *Id*. In the instant case, we are addressing whether the

more demanding standard of probable cause was satisfied when the investigators intruded into Hoffman's private residence.

The two cases the dissenting opinion primarily relies upon in its analysis are readily distinguishable from the instant case, and those factual distinctions are crucial to the holdings therein given that probable cause is determined from the totality of the circumstances. *See Wiede v. State,* 214 S.W.3d 17, 25 (Tex. Crim. App. 2007) (noting appellate court considers totality of the circumstances when determining probable cause). First, in both *Wadley* and *Arnold*, the search or seizure in question occurred in a public place. *See United States v. Wadley*, 59 F.3d 510, 512 (5th Cir. 1995) (parking lot of apartment complex); *Arnold v. State*, 831 S.W.2d 556, 557 (Tex. App.—Austin 1992, pet. ref'd) (nightclub). In the instant case, the investigators intruded into Hoffman's private residence, which is entitled to far greater Fourth Amendment protection than a parking lot or nightclub. As the United States Supreme Court has emphasized:

> The Fourth Amendment protects the individual's privacy in a variety of settings. In none is the zone of privacy more clearly defined than when bounded by the unambiguous physical dimensions of an individual's home – a zone that finds its roots in clear and specific constitutional terms: 'The right of the people to be secure in their . . . houses . . . shall not be violated.' That language unequivocally establishes the proposition that '[a]t the very core [of the Fourth Amendment] stands the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion.' In terms that apply equally to seizures of property and to seizures of persons, the Fourth Amendment has drawn a firm line at the entrance to the house.

*Payton*, 445 U.S. at 589-590 (citations omitted); *see also Kirk v. Louisiana*, 536 U.S. 635, 637-38 (2002) (quoting *Payton*); *State v. Steelman*, 93 S.W.3d 102 (Tex. Crim. App. 2002) (odor of burnt marijuana emanating from residence coupled with tip that drug dealing was taking place at that residence did not establish sufficient probable cause to allow officers to enter residence and conduct

a search without a warrant). Furthermore, unlike the officers in *Wadley* and *Arnold* who had personal knowledge that the public locations where the search or seizure occurred had high incidences of drug transactions or drug trafficking, the only information known to the investigators relating to Hoffman's room was that an unidentified third person had told a confidential informant that Triana, who was in police custody, had sold crack cocaine from an unspecified room in the rear area of the motel two days before. *See Wadley*, 59 F.3d at 512 (stating officer knew apartment complex was a "high crime area with a high incidence of drug transactions"); *Arnold,* 831 S.W.2d at 557 (stating Casanova Club was a "place well known to the officers for extensive drug trafficking"). Finally, in *Arnold*, the appellant had previously been arrested for possession of cocaine that he kept in a matchbox, and the officers had observed the appellant commit what they suspected were drug transactions on other occasions. 831 S.W.2d at 557, 559. In the instant case, the investigators had no information specific to Hoffman other than that she was dating Triana. Given the totality of the circumstances in the instant case, we hold the trial court did not abuse its discretion in granting Hoffman's motion to suppress.

### CONCLUSION

The State failed to establish the trial court erred in suppressing evidence gathered during a warrantless search. Accordingly, we affirm the ruling of the trial court.

Marialyn Barnard, Justice

PUBLISH