*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


## OPINION

No. 04-09-00365-CR

Nicholas G. **WISENBAKER**,
Appellant

v.

**STATE OF TEXAS**,
Appellee

From the County Court at Law, Kendall County, Texas
Trial Court No. 09-046-CR
Honorable Bill R. Palmer, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Phylis J. Speedlin, Justice
            Rebecca Simmons, Justice
            Steven C. Hilbig, Justice

Delivered and Filed: February 10, 2010

AFFIRMED

This appeal arises from the denial of Nicholas G. Wisenbaker's motion to suppress a search of his residence that led to the seizure of marijuana. After the trial court denied his motion, Wisenbaker entered a plea of guilty pursuant to a plea bargain, and he was sentenced to 365 days in jail and fined $600.00, probated for nine months. Wisenbaker appeals the judgment, contending the warrantless search of his residence violated the Texas and United States Constitutions and Texas state law. We affirm the judgment.

## BACKGROUND

The State charged Wisenbaker with possession of marijuana under two ounces, and alleged in the information that the possession occurred within 1,000 feet of a school. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.121(b)(1) (Vernon 2003), 481.134(f) (Vernon Supp. 2009). Prior to trial, the court conducted a hearing on Wisenbaker's motion to suppress.

The State called only one witness at the hearing. Sergeant Steve Perez of the Boerne Police Department testified that on January 21, 2009, at approximately 6:49 p.m., he was dispatched to a residence in the City of Boerne. Wisenbaker's neighbor, Jeffrey Smith, had called the police to complain that Wisenbaker and some of Wisenbaker's friends were smoking marijuana in Wisenbaker's house. Sergeant Perez met Smith on the street outside a privacy fence that enclosed both the Wisenbaker and Smith residences,[1] and Smith told Sergeant Perez he had seen Wisenbaker smoking marijuana. Smith indicated that by looking though a hole in the fence, Sergeant Perez could see Wisenbaker smoking marijuana. Smith told Sergeant Perez that Wisenbaker "constantly" had people visiting and they were "always" smoking marijuana. Sergeant Perez peered through the fence and could see through a sliding glass door that opened to a patio. He saw Wisenbaker inside the house, holding what Sergeant Perez described as a "marijuana pipe." Sergeant Perez estimated the distance from the fence to the house was ten feet. Sergeant Perez testified he could not smell any marijuana odor at that time and did not see Wisenbaker actually use the pipe.

---

[1] An exhibit admitted during the hearing shows a privacy fence that runs along the side of both houses, separating the houses from the street. A common sidewalk leads from a gate in the fence and runs between the houses. The front doors of the houses face each other and the sidewalk. Wisenbaker's patio door, through which Sergeant Perez first saw Wisenbaker, faces the privacy fence.

Sergeant Perez consulted his supervisor about obtaining a search warrant based on his observations. The supervisor told Sergeant Perez the process would take "a couple of hours." It was therefore decided the police would conduct a "knock and talk." Sergeant Perez, accompanied by another officer, went to the front door of Wisenbaker's house. Sergeant Perez saw a sign attached to the front door that read "Go around, use the other door." Sergeant Perez and the other officers walked down the sidewalk and around the house to the patio door — apparently the only other door to the residence — through which Sergeant Perez had earlier seen Wisenbaker holding the marijuana pipe. When he reached the patio, Sergeant Perez saw Wisenbaker on the couch facing the door with the marijuana pipe still in his hand and saw a "thick" cloud of smoke inside the room. He also smelled the odor of burnt marijuana coming from inside the house. Sergeant Perez made eye contact with Wisenbaker, who immediately appeared startled and looked as if he was attempting either to hide the pipe or to get up from the couch. Sergeant Perez testified that based on his experience, he believed Wisenbaker was smoking marijuana and that the evidence would be destroyed if he waited to get a search warrant. Sergeant Perez opened the sliding glass door and entered the room. Once inside the room, he saw a bag of marijuana, pipes, and other paraphernalia on a coffee table. The police seized the evidence.

At the conclusion of the hearing, the trial court denied the motion to suppress. The court made numerous findings of fact[2] and conclusions of law. The court's fact findings included: Smith

---

[2] Some of the court's findings of fact begin with, "Sergeant Perez testified" and follow with the content of the testimony. Given the overall tenor of the findings of fact, we construe these as findings that the matters testified about are true. Our conclusion is compelled in part by the rule that we imply findings of fact that support the court's ruling if those facts are supported by the record. *See State v. Kelly*, 204 S.W.3d 808, 818-19 (Tex. Crim. App. 2006).

told Sergeant Perez he believed Wisenbaker was smoking marijuana that night; Smith's belief was based on his observations of Wisenbaker both that night and in the past; while standing outside the curtilage of the residence, Sergeant Perez saw Wisenbaker holding a marijuana pipe; police first went to Wisenbaker's front door, but were directed by a sign on the door to go around the house and use the other door; when Sergeant Perez reached the patio, he could clearly see through the sliding glass door; Sergeant Perez saw a cloud of smoke in the room and Wisenbaker on the couch holding a marijuana pipe; Sergeant Perez smelled the odor of burnt marijuana coming from within the residence; Wisenbaker saw the police officers on the patio and immediately reacted; Sergeant Perez saw Wisenbaker attempt to conceal the marijuana pipe; and Sergeant Perez, based on his experience gained by involvement in at least one hundred marijuana cases, believes marijuana can be easily concealed or destroyed. The trial court concluded the officers' actions in going onto the curtilage of the residence were reasonable based on seeing drug paraphernalia; their proceeding onto the patio as directed by the sign was reasonable; there was probable cause to believe evidence of a crime or contraband would be found inside the residence; and exigent circumstances existed that made the entry into and search of the premises reasonable under the totality of the circumstances.

### STANDARD OF REVIEW

We review the trial court's ruling on a motion to suppress under an abuse of discretion standard. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). We view the record in the light most favorable to the trial court's ruling and will reverse only if the ruling is outside the zone of reasonable disagreement. *Id.* We give almost total deference to the trial court's determination of historical facts, especially those based on an evaluation of the witnesses' credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We review de novo the

trial court's application of the law of search and seizure to the facts. *Wiede v. State*, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007). We will sustain the trial court's ruling "if it is reasonably supported by the record and is correct on any theory of law applicable to the case." *Dixon*, 206 S.W.3d at 590.

## APPLICABLE LAW

The State contends the warrantless entry into Wisenbaker's house was justified by exigent circumstances. To uphold the search in the face of a Fourth Amendment challenge, both probable cause and exigent circumstances must have existed. *See Gutierrez v. State*, 221 S.W.3d 680, 685 (Tex. Crim. App. 2007). "Probable cause to search exists when reasonably trustworthy facts and circumstances within the knowledge of the officer on the scene would lead a man of reasonable prudence to believe that the instrumentality of a crime or evidence of a crime will be found." *Estrada v. State*, 154 S.W.3d 604, 609 (Tex. Crim. App. 2005) (quoting *McNairy v. State*, 835 S.W.2d 101, 106 (Tex. Crim. App. 1991)). In reviewing the evidence, we consider the "totality of the circumstances" known to the police at the time of the search. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The circumstances supporting a finding of probable cause may include flight or similar evasive conduct. *See Pyles v. State*, 755 S.W.2d 98, 109 (Tex. Crim. App.), *cert. denied*, 488 U.S. 986 (1988). The circumstances may also include attempts to discard or conceal items. *See United States v. Wadley*, 59 F.3d 510, 512-13 (5th Cir. 1995), *cert. denied*, 519 U.S. 895 (1996); *Arnold v. State*, 831 S.W.2d 556, 559 (Tex. App.—Austin 1992, pet. ref'd).

If probable cause is present, exigent circumstances justifying a warrantless search exist if "the police could reasonably have concluded that evidence would be destroyed or removed before they could obtain a search warrant." *McNairy v. State*, 835 S.W.2d 101, 107 (Tex. Crim. App. 1991). The same facts used in the probable cause analysis may be relied upon in determining exigent

circumstances. *See Parker v. State*, 206 S.W.3d 593, 601 (Tex. Crim. App. 2006).

## DISCUSSION

Wisenbaker does not complain of the trial court's conclusions that there was probable cause to search and that the police acted reasonably in using a common sidewalk to attempt to talk with the occupants of the house. Rather, Wisenbaker challenges the trial court's conclusion that the warrantless entry was justified by exigent circumstances. We agree with the trial court's conclusions.

The police received information from Smith that he believed Wisenbaker was smoking marijuana. *See State v. Nelson*, 228 S.W.3d 899, 903 (Tex. App.—Austin 2007, no pet.) (holding "unsolicited information regarding a crime in progress provided by a citizen who has no relationship with the police and who makes herself accountable by providing contact information is inherently reliable"). Sergeant Perez corroborated Smith's information by looking through a hole in the fence and seeing Wisenbaker holding what the officer believed, based on his past experience, was a marijuana pipe. This information resulted in probable cause to believe Wisenbaker possessed drug paraphernalia. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.002(17)(L) (Vernon Supp. 2009) (defining drug paraphernalia to include glass pipe), § 481.125(d) (Vernon 2003) (declaring possession of drug paraphernalia with intent to inhale or otherwise introduce a controlled substance into the human body a Class C misdemeanor). The officers were free to use the sidewalk common to the residences and approach Wisenbaker's front door in an attempt to contact him. *See Cornealius v. State*, 900 S.W.2d 731, 733 (Tex. Crim. App. 1995) (holding "nothing in our Constitutions prevent[s] a police officer . . . from knocking politely on any closed door"); *Bouyer v. State*, 264 S.W.3d 265, 270 (Tex. App.—San Antonio 2008, no pet.) (police may knock on front door of a

private home without implicating Fourth Amendment). When the police encountered the sign on the front door directing them to use the "other door," the police acted reasonably in walking on the sidewalk until they came upon the sliding glass door on the patio — the "other door." Once there, Sergeant Perez again observed Wisenbaker holding a marijuana pipe, smelled the odor of burnt marijuana, and saw a cloud of smoke inside the residence. These observations created probable cause to believe people were currently smoking and therefore in possession of marijuana,[3] and that evidence of the crime — the marijuana — could be destroyed by the act of smoking. We hold the officers had probable cause to search and that exigent circumstances existed at the time the police entered the room through the patio door and observed marijuana in plain view on the table.[4] Accordingly, the trial court did not err in denying the motion to suppress.

The judgment of the trial court is affirmed.

Steven C. Hilbig, Justice

PUBLISH

---

[3][▲] Possession of marijuana is not an offense unless a person possesses a "usable quantity." *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(a) (Vernon Supp. 2009). If a person is smoking marijuana, one would expect to find a "usable quantity" of marijuana until it is entirely consumed.

[4][▲] Although Wisenbaker refers to article I, section 9 of the Texas Constitution in his brief, he does not provide separate argument or authorities for his contention under the Texas Constitution. Accordingly, we do not address it. *See Muniz v. State*, 851 S.W.2d 238, 251-52 (Tex. Crim. App.), *cert. denied*, 510 U.S. 837 (1993). Wisenbaker also argues his motion to suppress the marijuana should have been granted pursuant to article 38.23(a) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon 2005). However, the argument is premised on the contention that the entry into and search of the premises was unconstitutional; a contention we have rejected.