# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00384-CR

---

**Justin Dwight Tucker, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 207TH DISTRICT COURT OF COMAL COUNTY
### NO. CR2018-076, THE HONORABLE GARY L. STEEL, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

A jury convicted appellant Justin Dwight Tucker of possession with intent to deliver one to four grams of a controlled substance, methamphetamine. *See* Tex. Health & Safety Code § 481.112(c). Appellant pled true to the enhancement paragraphs, and the district court assessed his punishment at confinement for thirty years in the Texas Department of Criminal Justice. *See id.*; Tex. Penal Code § 12.42(d). Appellant argues in two issues that the district court erred by overruling his pretrial motion to suppress and refusing his request for a jury instruction on illegally obtained evidence. We will affirm the district court's judgment of conviction.

## BACKGROUND[1]

In January 2017, Vicente Saenz was incarcerated in the Comal County Jail for dealing narcotics. Officer Kyle Williams monitored Saenz's phone calls in case Saenz asked someone to continue selling drugs on his behalf. Officer Williams is a member of the Comal County Narcotics Task Force and has training and experience with narcotics investigations. His experience includes purchasing narcotics while working undercover, orchestrating purchases by informants, and performing surveillance of illegal narcotics transactions. Over the next month, Officer Williams listened to several phone conversations between Saenz and appellant. From the content of the conversations, Officer Williams formed the belief that appellant was seeking Saenz's "permission and his good will" to contact Saenz's supplier and sell drugs. In a subsequent phone call, Saenz vouched for appellant's trustworthiness to a third person, a woman, who was also on the call. Concluding that Saenz had agreed to appellant's request, Officer Williams began investigating appellant.

On February 24, 2017, Officer Williams drove to 223 Meadow Avenue in New Braunfels (the address on appellant's driver's license) in an unmarked police vehicle. He parked "two or three" houses down the street and observed the residence through binoculars. A gold SUV was parked in the driveway. Shortly afterwards, appellant drove up and parked behind the SUV. Appellant and his passengers—Julie Ann Putney and Shawn Coleman—exited the

---

[1] We take the following facts from the testimony and evidence admitted at the pretrial suppression hearing and at trial. Although we normally consider only the evidence adduced before the court at the suppression hearing, the parties relitigated the suppression issue at trial, with appellant moving for a directed verdict on the ground the search was illegal. *See Hoyt v. State*, No. 03-15-00228-CR, 2016 WL 4272104, at *1 n.1 (Tex. App.—Austin Aug. 12, 2016, no pet.) (mem. op., not designated for publication) (citing *Herrera v. State*, 80 S.W.3d 283, 290–91 (Tex. App.—Texarkana 2002, pet. ref'd)).

vehicle.[2] Appellant and Putney each carried "multiple bags," and Putney also held a digital safe. Appellant opened the SUV's rear hatch and "began to sort through these items in the back hatch or cargo area." Putney handed the safe to appellant, and they both sat down inside the SUV to try to open it. Appellant succeeded, and Putney "handed [him] a black container with like a neon green zipper case," which appellant filled with small plastic baggies from the safe. During this time, Coleman was "acting as a lookout," in Williams's opinion, because he kept his eyes on passing traffic. Officer Williams concluded that he had witnessed a drug transaction and called for backup from uniformed officers.

Officers Domingo Valdez and Rafael Pinilla, also members of the task force, arrived a short time later. Williams observed Coleman "motion" to appellant and Putney as soon as Coleman saw Pinilla's marked police vehicle. Valdez and Pinilla approached them and asked whether there was anything illegal in the SUV. Appellant replied: "not that I know of." He refused Officer Valdez's request to search the vehicle, explaining that it belonged to his aunt, Jeannette Hackett, who lived at that address. According to Officer Valdez's offense report, Hackett answered the door and told Officer Valdez that she had given the gold SUV to appellant as a gift. At that time, Officer Hays arrived with Drago, his drug-detection dog. Officer Hays circled the vehicle with Drago twice, and Drago did not alert. While circling the vehicle, Drago jumped into the back of the SUV three times and disturbed some of the items there. Officer Leslie Bettice (who came to the scene to search Putney) walked up to the SUV and looked inside. She saw a plastic container and a syringe containing dried blood. The officers

---

[2] Officer Williams testified that a third passenger, who was never identified, left the area immediately.

3

searched the SUV and found eight baggies containing a crystalline substance that tested positive for methamphetamine.

Appellant filed a pretrial motion to suppress all evidence resulting from the search alleging that Officer Williams did not have reasonable suspicion to detain appellant and further that the syringe ground in the vehicle could not be used as probable cause for the search since Drago did not alert for narcotics. The district court heard testimony from Officer Williams and admitted the reports of each officer into evidence. The district court denied the motion, and the case proceeded to a jury trial. During the charge conference, the district court rejected appellant's request for an article 38.23 jury instruction on the admissibility of the evidence from the SUV. *See* Tex. Code Crim. Proc. art. 38.23(a). The jury convicted appellant, and the district court imposed a thirty-year sentence. This appeal followed.

## MOTION TO SUPPRESS

Appellant argues in his first issue that the district court erred by overruling his motion to suppress because the officers lacked probable cause to search the SUV.

**Standard of Review**

We review a trial court's ruling on a motion to suppress evidence for an abuse of discretion, applying a bifurcated standard of review. *State v. Cortez*, 543 S.W.3d 198, 203 (Tex. Crim. App. 2018). We afford almost total deference to the trial court's findings of historical fact and determinations of mixed questions of law and fact that turn on credibility and demeanor if they are reasonably supported by the record. *State v. Arellano*, 600 S.W.3d 53, 57 (Tex. Crim. App. 2020). On the other hand, we review de novo a trial court's determination of legal

4

questions and its application of the law to facts that do not turn upon a determination of witness credibility and demeanor. *Id.*

The Fourth Amendment prohibits unreasonable searches and seizures. *Lerma v. State*, 543 S.W.3d 184, 190 (Tex. Crim. App. 2018). Its protections extend to "brief investigatory stops of persons or vehicles that fall short of traditional arrest." *Ramirez-Tamayo v. State*, 537 S.W.3d 29, 36 (Tex. Crim. App. 2017). "In such cases, 'the Fourth Amendment is satisfied if the officer's action is supported by reasonable suspicion to believe that criminal activity may be afoot.'" *Id.* (quoting *United States v. Arvizu*, 534 U.S. 266, 273 (2002)). On the other hand, a search pursuant to a criminal investigation requires either a warrant or a recognized exception to the warrant requirement. *See State v. Villarreal*, 475 S.W.3d 784, 796 (Tex. Crim. App. 2014) ("In the absence of a warrant, a search is reasonable only if it falls within a specific exception to the warrant requirement." (citing *Riley v. California*, 573 U.S. 373, 382 (2014))). The "automobile exception" allows for the warrantless search of an automobile "if it is readily mobile and there is probable cause to believe that it contains contraband." *Marcopoulos v. State*, 538 S.W.3d 596, 599 (Tex. Crim. App. 2017) (citing *Keehn v. State*, 279 S.W.3d 330, 335 (Tex. Crim. App. 2009)). Whether the facts, as determined by the trial court, add up to reasonable suspicion or probable cause is a legal question that is reviewed de novo. *State v. Ford*, 537 S.W.3d 19, 23 (Tex. Crim. App. 2017).

**Analysis**

Appellant argues that the district court erred by overruling his motion to suppress because the officers unlawfully prolonged his detention. *See Thompson v. State*, 408 S.W.3d 614, 622 (Tex. App.—Austin 2013, no pet.) ("An investigative stop may last no longer than necessary

5

to effectuate its purpose." (citing *Kothe v. State*, 152 S.W.3d 54, 63 (Tex. Crim. App. 2004))). Specifically, he contends that that Drago's failure to alert to the SUV dispelled any reasonable suspicion of criminal activity and, thus, the syringe cannot be used as probable cause.[3]

The Court of Criminal Appeals has held that if a drug dog fails to alert to a vehicle, reasonable suspicion "will normally be dispelled, and the citizen may go on his way." *Matthews v. State*, 431 S.W.3d 596, 604 (Tex. Crim. App. 2014). However, "if officers otherwise have probable cause to search, a drug-dog's failure to alert on a car does not destroy that probable cause." *Id.* at 604 n.28. Probable cause to search exists when, "under the totality of the circumstances, there is a 'fair probability' that contraband or evidence of a crime will be found at the specified location." *State v. Elrod*, 538 S.W.3d 551, 558 (Tex. Crim. App. 2017) (citing *State v. Duarte*, 389 S.W.3d 349, 354 (Tex. Crim. App. 2012)). The record supports implied findings that, before Officer Williams even arrived at 223 Meadow Avenue, appellant had asked for and received Saenz's permission to sell drugs for Saenz. Officer Williams watched Putney, a person he had prior narcotics experience with, hand appellant a safe from which he removed several small plastic baggies. Although Williams could not see the contents of the baggies, he knew from his experience conducting drug investigations that plastic baggies of that size are "typical packaging" for drug sales. Additionally, Coleman appeared to be acting as a lookout. We conclude that there was a "fair probability" that the SUV contained illegal narcotics and that Officer Williams had probable cause to search the vehicle after he arrived on scene and witnessed the exchange between appellant and Putney. *See Wiede v. State*,

---

[3] The State argues that appellant's issue does not comport with his arguments in his motion to suppress or at trial. *See Yazdchi v. State*, 428 S.W.3d 831, 844 (Tex. Crim. App. 2014) (explaining that "the point of error on appeal must comport with the objection made at trial"). We assume without deciding that appellant preserved error.

214 S.W.3d 17, 27–28 (Tex. Crim. App. 2007) (holding that officer had probable cause to search car in part because defendant possessed clear "sandwich" bag and because officer knew that drugs were commonly packaged in such bags); *Green v. State*, 256 S.W.3d 456, 465 (Tex. App.—Waco 2008, no pet.) (finding probable cause to search truck in part because it was parked in front of "a known drug house" and person who exited vehicle refused officer's request to return); *Arnold v. State*, 831 S.W.2d 556, 559 (Tex. App.—Austin 1992, pet. ref'd) (holding probable cause existed to search matchbox found on defendant based on officer's testimony that "more than half the arrests he had made for possession of a controlled substance involved substances kept in matchboxes"); *see also Warren v. State*, No. 02-11-00052-CR, 2012 WL 858629, at *4 (Tex. App.—Fort Worth Mar. 15, 2012, no pet.) (mem. op., not designated for publication) (holding that defendant's possession of two small plastic bags, which officer "concluded, based on his experience and training, were narcotics packaging" supported probable cause). Having concluded that probable cause existed to search the SUV, we overrule appellant's first issue.[4]

## JURY INSTRUCTION

Appellant argues in his second issue that the district court erred by refusing his request for a jury instruction under article 38.23 of the Code of Criminal Procedure, which provides:

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of

---

[4] Because we have concluded that probable cause to search the vehicle existed after Officer Williams observed the exchange between appellant and Putney, we do not consider appellant's alternative argument that it was unreasonable to detain him for forty-five minutes until Officer Hays and Drago arrived.

the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

Tex. Code Crim. Proc. art. 38.23(a). Because the statute is mandatory, the trial court has a duty to submit an article 38.23 instruction if three predicates are met: (1) the evidence heard by the jury raises an issue of fact; (2) the evidence on that fact is affirmatively contested; and (3) that contested factual issue is material to the lawfulness of the challenged conduct in obtaining the evidence. *Robinson v. State*, 377 S.W.3d 712, 719 (Tex. Crim. App. 2012). To raise a disputed fact issue, there must be some "affirmative evidence that puts the existence of that fact into question." *Madden v. State*, 242 S.W.3d 504, 513 (Tex. Crim. App. 2007); *see also Mills v. State*, 296 S.W.3d 843, 847 (Tex. App.—Austin 2009, pet. ref'd).

Appellant argued at trial that he was entitled to a jury instruction because the jury had heard evidence "which would support that [the officers] lacked probable cause to enter and search" the gold SUV. Specifically, he argued that "the equivocated nature of what Kyle Williams said" brought "into question whether or not" his testimony was accurate. He reasoned that if Williams had in fact seen the exchange between appellant and Putney as he described, "there would have certainly been probable cause" to search the vehicle and the officers would have done so immediately. However, on appeal, he cites no affirmative evidence that conflicts with Officer Williams's description of the exchange between appellant and Putney.[5] Absent

---

[5] Appellant also argues that there are factual disputes regarding whether Officer Hays induced Drago to jump into the SUV and disturb its contents, thereby uncovering the syringe. Even if appellant had preserved this argument, we would reject it because the existence of probable cause does not turn on whether the syringe was visible. *See Madden v. State*,

8

affirmative evidence raising a factual dispute, the district court did not err by refusing appellant's requested jury instruction. *See Madden*, 242 S.W.3d at 513–14 (holding that defendant not entitled to instruction regarding officer's testimony that appellant was speeding without "some affirmative evidence" calling testimony into question); *Perez v. State*, No. 03-12-00041-CR, 2013 WL 4822915, at \*5 (Tex. App.—Austin Aug. 29, 2013, no pet.) (mem. op., not designated for publication) (holding that appellant was not entitled to article 38.23 instruction without affirmative evidence contradicting officer's testimony that appellant consented to search). We overrule appellant's second issue.

## CONCLUSION

We affirm the district court's judgment of conviction.

_____

Edward Smith, Justice

Before Justices Goodwin, Kelly, and Smith

Affirmed

Filed: May 14, 2021

Do Not Publish

---

242 S.W.3d 504, 511 (Tex. Crim. App. 2007) ("The disputed fact must be an essential one in deciding the lawfulness of the challenged conduct.").

9